ELVA MEEKS

*v.*

STATE COMPENSATION COMMISSIONER, *et al.*

(No. 11003)

Submitted September 3, 1958. Decided September 23, 1958.

*Estep, Smith & Eiland, Edward Eiland,* for appellant.

*Ira P. Hager,* for appellee.

DONLEY, JUDGE:

This case presents a narrow but interesting and important point relating to procedure under the Workmen's Compensation Act.

The claimant, Elva Meeks, was injured while employed by Island Creek Coal Company, and sustained a severe injury to his back. Claimant was granted an award of twenty-five per cent permanent partial disability by order entered on April 19, 1957. On July 24, 1957, the claimant, by his attorney, filed a petition for reopening of the claim, which petition was accompanied by a report of Dr. Frank R. Jamison, dated July 12, 1957, in the form of a letter to claimant's attorney. On August 8, 1957, the commissioner notified the claimant that:

> "It is the opinion of the Commissioner that proper showing for reopening of your case has not been made, and you have thirty days from receipt of this letter within which to make application for an appeal from this ruling to the Workmen's Compensation Appeal Board. However, if you do not desire to appeal at this time, and desire to present evidence in accordance with Section

1 (a), Article 5, Chapter 23 of the Code to the effect that there has been a progression or aggravation in your condition, or submit some fact or facts not considered by the Commissioner in his former findings, such evidence will be carefully reviewed, and a further ruling made thereon, if submitted within the statutory period."

Claimant did not appeal to the Workmen's Compensation Appeal Board from this ruling of the commissioner. Instead of availing himself of the statutory right of appeal, the claimant by his attorney again petitioned the commissioner for the reopening of his claim on November 27, 1957, which petition was accompanied by a report from Dr. Ralph Frazier, which report was in the form of a letter addressed to counsel for the claimant. The letter of November 27, 1957, from the claimant's attorney to the commissioner, enclosing Dr. Frazier's report, dated August 30, 1957, requested that the said letter and medical report be considered as a supplement to the original petition of July 24, 1957, and that both petitions and medical reports be read together.

By letter dated December 30, 1957, the commissioner informed the claimant that his attorney's letter of November 27, 1957, accompanied by Dr. Frazier's report, did not make a proper showing for reopening of his claim. The claimant appealed from this ruling to the Workmen's Compensation Appeal Board which, on May 20, 1958, reversed the commissioner's order of December 30, 1957, and remanded the claim to the commissioner upon the ground that a *prima facie* showing had been made in accordance with the opinion of the Appeal Board attached to the order.

The employer now appeals to this Court from such order of the Appeal Board. In the written opinion attached to the Appeal Board's order it said, in part:

"We do not think that the Frazier report, submitted as a part of claimant's petition to reopen of November 27, 1957, illuminates the way here.

> While these things have never been considered by the Commissioner, according to the file, it is most difficult to attach any significance to the existence of astigmatism, art*eros*clerosis, and pyorrhea to this back case. Cephalgia is a sort of headache and is not new to this case. The diagnosis 'old fracture of the spine' evidently was made from claimant's history. The x-rays disprove it."

It thus appears that both the commissioner and the Appeal Board were of the opinion that the evidence submitted for reopening of the claim on the basis of Dr. Frazier's report was insufficient. However, the Appeal Board went back to the report of Dr. Jamison and found that it did constitute a sufficient basis for reopening the claim. The Appeal Board opinion further stated: "We are of opinion that the Jamison report, although apparently abandoned, became and was a part of the petition to reopen filed under date of November 27, 1957."

It is the position of the company, as set forth in its assignments of error, that the Appeal Board erred in holding that the report of the examination by Dr. Jamison became a part of claimant's application for reopening, and that the Appeal Board erred in reopening the claim upon the basis of the medical evidence submitted in support of the first application, which medical evidence had been held insufficient by the commissioner to justify reopening of the claim, no appeal having been taken from said action of the commissioner within the thirty-day period provided by statute.

In brief, the point made by the employer is that the claim cannot be reopened solely upon the basis of a medical report which has been previously considered by the commissioner and which he has held to be insufficient to justify such reopening, when no appeal from that ruling of the commissioner was taken within the thirty-day period allowable by statute. It contends that since both the commissioner and the Appeal Board held that Dr. Frazier's report was insufficient to justify reopening of the claim,

then the second petition should be considered as if it rested solely upon the basis of Dr. Jamison's previous report. If so, the claimant is in the position of submitting successive petitions sustained by the same evidence, and that if such procedure is proper the claimant could indefinitely pursue such a course, and that the statute contemplates that when a claim is rejected and no appeal is taken therefrom within the thirty-day period, it becomes a finality, and that second or later petitions cannot be upheld unless supported by new evidence not previously considered by the commissioner.

We are of the opinion that this contention must be sustained.

The applicable provisions of the statute are as follows:

Code, Chapter 23, Article 5, Section 1a:

"In any case where an injured employee makes application in writing for a further adjustment of his claim under the provisions of section sixteen, article four of this chapter, and such application discloses cause for a further adjustment thereof, the commissioner shall, after due notice to the employer, make such modifications or changes with respect to former findings or orders in such claim as may be justified, and any party dissatisfied with any such modification or change so made by the commissioner shall, upon proper and timely objection, be entitled to a hearing as provided in section one of this article."

Code, Chapter 23, Article 5, Section 1b:

"If, however, in any case in which application for further adjustment of a claim is filed under the next preceding section, it shall appear to the commissioner that such application fails to disclose a progression or aggravation in the claimant's condition, or some other fact or facts which were not theretofore considered by the commissioner in his former findings, and which would entitle such claimant to greater benefits than he has already received, the commissioner shall, within sixty days from the receipt of such application, notify the claimant and the employer that such application fails to establish a prima facie cause

for reopening the claim. Such notice shall be in writing and shall state the time allowed for appeal to the appeal board from such decision of the commissioner. The claimant may, within thirty days after receipt of such notice, apply to the appeal board for a review of such decision."

Code, Chapter 23, Article 5, Section 3:

" . . . any claimant . . . who shall feel aggrieved at any final action of the commissioner in refusing to reopen a claim under the provisions of sections one-b . . . of this article, shall have the right to appeal to the board created in section two of this article for a review of such action . . . . The board shall review the action of the commissioner complained of at its next meeting after the filing of notice of appeal . . . . And thereupon, after a review of the case, the board shall sustain the finding of the commissioner or enter such order or make such award as the commissioner should have made, stating in writing its reasons therefor, and shall thereupon certify the same to the commissioner, who shall proceed in accordance therewith. . . ."

The case now before us is governed by the principles enunciated in *Blevins* v. *State Compensation Commissioner*, 127 W. Va. 481, 33 S. E. 2d 408, in which Judge Fox, construing the above-quoted Sections 1a and 1b, said that: "As the statute now exists, the compensation commissioner's continuing jurisdiction is limited in the respects indicated above. While that jurisdiction exists, and must exist, if additional compensation is to be awarded, growing out of progression or aggravation of an injury, or cases where new facts not theretofore considered have developed, yet that jurisdiction is restricted by the provisions of the statute above quoted." He further went on to quote from *Nichols* v. *Compensation Commissioner*, 111 W. Va. 34, 160 S. E. 854, in which the Court said that: "While it is true that the commissioner has continuing jurisdiction in these matters, Code, 1931, 23-4-16, it does not follow that the commissioner has authority under the statute, months after a final decision, to reopen and reconsider the case on facts the same or substantially the same as those considered by him on the original hearing. There must be an

end of these matters. . . . The legislative intent to establish repose must not be devitalized. If so, the commissioner would be subject to the continuous harassment of dissatisfied claimants."

In the case of *Igo* v. *Compensation Commissioner,* 128 W. Va. 402, 36 S. E. 2d 690, Judge Fox stated: "It is contended by counsel for claimant that the case having been reopened, the commissioner was then warranted in considering the entire record, and making such award as in his judgment was fair and right, and if he made an improper award his ruling could be corrected by the Appeal Board. We do not think this contention can be sustained"; and went on to say that this Court has frequently held that, "where the merits of a claim have been finally passed upon, and there is no objection or appeal therefrom, the case cannot again be considered upon the same facts." To the same effect are the cases of *Reed* v. *Compensation Commissioner,* 124 W. Va. 37, 18 S. E. 2d 793, and *Felty* v. *Compensation Commissioner,* 124 W. Va. 75, 19 S. E. 2d 90.

Under the principles hereinabove set forth, we hold that where a claim for reopening has been held by the commissioner to be supported by insufficient evidence, and no appeal has been taken to the Appeal Board within the thirty-day period provided by statute, and thereafter the claimant files a second petition which, in effect, is supported solely by the evidence previously submitted with the first petition, the commissioner has no jurisdiction to reopen the claim and it is reversible error for the Appeal Board to review the action of the commissioner and to order a reopening of the claim. Here, the report of Dr. Frazier, as held both by the commissioner and the Appeal Board, did not make a *prima facie* case. Since the Frazier report added nothing substantial to the evidence which had been previously adduced before the commissioner, the claimant is in the position of attempting to sustain the second petition solely upon the basis of the Jamison report. This, we hold, cannot be done. Both the letter and the spirit of the statutes contemplate that there must be

an end to these matters. To hold otherwise would be to set at naught the provisions of the statute limiting the right of appeal to the thirty-day period. The statute expresses an ancient policy of the common law that the interest of the public requires that there be an end to litigation.

As previously quoted, all the statute requires is that the application shall disclose "a progression or aggravation in the claimant's condition" or, in the alternative, "some other fact or facts which were not theretofore considered by the commissioner in his former findings, and which would entitle such claimant to greater benefits than he has already received."

There has been no compliance with either of those requirements in this case. There is no proper showing where the petition to reopen is supported by evidence which, properly interpreted, is unsubstantial in character and which, in effect, adds nothing to the facts previously considered by the commissioner.

The claimant contends that the procedure sought to be followed by him is in conformity with the practice that has existed in compensation cases for many years. Even if this be true, that contention is of no avail, and will not be considered. The provisions of the statute are plain and unambiguous, and no practice in deviation therefrom, however long continuing, can operate to justify a departure from the law.

For the reasons hereinabove set forth, the order of the Workmen's Compensation Appeal Board, entered on May 20, 1958, is reversed, and the claim is remanded to the commissioner with directions to dismiss the petition of the claimant.

*Reversed and remanded*
*with directions.*