WAYMAN EADY

*v.*

STATE COMPENSATION COMMISSIONER

AND MERRILL COAL COMPANY

(No. 12268)

Submitted September 10, 1963.    Decided October 8, 1963.

6

*Robert D. Phillips, Hager & Phillips,* for appellant:
*Jack W. Beddow,* for appellee.

HAYMOND, JUDGE:

The claimant, Wayman Eady, of Logan, West Virginia, while an employee of the defendant, Merrill Coal Company, at its coal mine at Taplin, Logan County, West Virginia, was caught in a fall of slate and sustained injuries to his back, pelvis and bladder on June 19, 1953. He was treated at the Logan General Hospital for a fractured pelvis and injury to his lower back and bladder. He remained in the hospital for a period of four months, after which he was treated as an out-patient for his bladder condition for approximately one year. He has not returned to work since the accident and has worn a back brace since the date of his injury. He was granted a 40% permanent partial disability award on August 7, 1954. This award was not protested and was paid. Subsequently his claim was reopened at the instance of the claimant. He was examined by a doctor selected by the commissioner and after hearings, protests and an appeal to the Workmen's Compensation Appeal Board the original award was increased to 50% on August 27, 1958. After payment of this increased award the claim was again reopened at the instance of the claimant and after additional hearings the State Compensation Commissioner, on April 20, 1961, granted the claimant a total permanent disability award. Upon appeal to the Workmen's Compensation Appeal Board by the employer that award was reduced to 60% permanent partial disability on September 6, 1961. The application of the claimant for an appeal from that order was refused by this Court on November 13, 1961. After this award was paid the claim was again reopened at the instance of the claimant on July 3, 1962. At the direction of the commissioner the claimant was examined by a doctor selected by the commissioner and the commissioner refused to grant the claimant any additional compensation. The claimant protested the action of the commissioner in denying him additional compensation and after the introduction of additional evidence by

both the claimant and the employer the commissioner affirmed his order denying additional compensation on April 10, 1963. Upon appeal by the claimant to the Workmen's Compensation Appeal Board the order of the Commissioner refusing additional compensation was affirmed by order entered July 12, 1963. From that order of the appeal board this Court granted this appeal on July 31, 1963, upon the application of the claimant.

After the third and present reopening of the claim by the commissioner on July 3, 1962, the claimant at the direction of the commissioner was examined by a doctor selected by the commissioner. By order entered September 20, 1962, the commissioner denied the claimant any further compensation. The claimant protested this ruling of the commissioner and after the claim was heard by the commissioner upon additional evidence introduced by both the claimant and the employer the commissioner by order entered April 10, 1963 affirmed his order of September 20, 1962 and refused to grant the claimant any additional compensation.

Upon the hearing of the claim the claimant testified that his condition had become worse since the previous award, and the reports of several doctors, who had previously examined the claimant in connection with the earlier awards, and the report of one doctor, who examined him for the first time on November 24, 1962, were introduced in evidence. Two of the doctors who had previously examined the claimant in connection with the prior awards and who had stated that the claimant was then totally and permanently disabled adhered to that opinion but reported no new facts that had not been previously considered in connection with the prior awards, and the doctor who examined the claimant at the direction of the commissioner reported that, after examining the patient and reading the various medical reports in the record, the claimant had been overpaid for the results of the injury sustained by him on June 19, 1953. The doctor who examined the claimant on November 24, 1962 but who had not previously examined him, expressed the opinion that the

claimant should be awarded total disability. Some of the doctors who had at least twice previously examined the claimant and had recommended less than the 60% permanent disability awarded him reported that there had been no change in the condition of the claimant since their last examination of the claimant a short time before the 60% award and that the claimant had been fully compensated and had in fact been overpaid for the results of his injury of June 19, 1953.

. The claimant incorrectly contends that the condition of his bladder, which causes urinary difficulties and lack of normal control, had not been previously considered by the commissioner in connection with any prior award. On the contrary some reports of the doctors show the existence of that condition and the opinion of the appeal board indicates that because of that condition the previous award of 50% was increased to the final award of 60% when the appeal board reduced the total permanent disability award to an award of 60% permanent partial disability by its order of September 6, 1961.

It is clear that in the present reopening of the claim the claimant has utterly failed to show that there has been any aggravation or progression of his condition or any new fact since his award of 60% permanent partial disability which would entitle the claimant to any additional award.

The principle is well settled by the decisions of this Court that when the commissioner makes a finding of permanent partial disability and makes an award of compensation based upon such disability which becomes final, the case can not be reopened and no further award of compensation can be made unless there is a showing of a progression or an aggravation in claimant's condition, or some other fact or facts which were not previously considered by the commissioner in his former findings which would entitle the claimant to a greater benefit than he has already received. *Blevins* v. *State Compensation Commissioner*, 127 W. Va. 481, 33 S. E. 2d 408; *Meeks* v. *State Compensation Commissioner*, 143 W. Va. 732, 104 S. E. 2d 865;

*Igo* v. *State Compensation Commissioner,* 128 W. Va. 402, 36 S. E. 2d 690; *Felty* v. *Compensation Commissioner,* 124 W. Va. 75, 19 S. E. 2d 90; *Reed* v. *Compensation Commissioner,* 124 W. Va. 37, 18 S. E. 2d 793; *Mason* v. *Workmen's Compensation Appeal Board,* 121 W. Va. 444, 4 S. E. 2d 791.

It may be, as this Court said in the *Blevins* case, that the claimant was not given the award to which he was entitled by the appeal board in its order of September 6, 1961, as there is much in the record to indicate that at that time he had a total permanent disability. But the appeal board set aside the commissioner's award of total permanent disability and instead made an award of 60% permanent partial disability, which became final. In consequence any further award could only be made upon a showing of aggravation, progression, or some new fact not previously considered, and that showing has not been made. Though it is true that some of the doctors whose reports were introduced in evidence in behalf of the claimant stated that he is totally and permanently disabled these same doctors made similar reports in connection with the previous awards of 50% and 60% permanent partial disability and that condition, as reported by them, was considered and rejected by the commissioner and the appeal board with respect to those awards.

The claimant having failed to show aggravation or progression of his condition since the last award or any new facts not previously considered which would entitle him to additional compensation, the order of the appeal board of July 12, 1963, which affirmed the order of the commissioner of April 10, 1963 denying the claimant additional compensation, was warranted by the evidence and can not be characterized as plainly wrong. Numerous decisions of this Court say that the Workmen's Compensation Appeal Board is a fact finding agency and that its findings will not be disturbed by this Court unless they are plainly wrong. *Burr* v. *State Compensation Commissioner,* 148 W. Va. 17, 132 S. E. 2d 636; *Jackson* v. *State Compensation Commissioner,* 146 W. Va. 304, 119 S. E. 2d 657; *Vento* v. *State Compensation Commissioner,* 130 W. Va. 577, 44 S. E.

2d 626; *Morris* v. *State Compensation Commissioner,* 135 W. Va. 425, 64 S. E. 2d 496; *Walk* v. *State Compensation Commissioner,* 134 W. Va. 223, 58 S. E. 2d 791; *Prince* v. *Compensation Commissioner,* 123 W. Va. 67, 13 S. E. 2d 396; *Burgess* v. *State Compensation Commissioner,* 121 W. Va. 571, 5 S. E. 2d 804; *Moore* v. *Workmen's Compensation Appeal Board,* 118 W. Va. 578, 191 S. E. 292; *Rasmus* v. *Workmen's Compensation Appeal Board,* 117 W. Va. 55, 184 S. E. 250. In the *Vento* case this Court held, in point 1 of the syllabus, that "In order to reverse a finding of fact by the Workmen's Compensation Appeal Board it must appear from the proof upon which the board acted that the finding in question was plainly wrong." In *Stevely* v. *Compensation Commissioner,* 125 W. Va. 308, 24 S. E. 2d 95, this Court held, in point 3 of the syllabus, that "A decision of the Workmen's Compensation Commissioner, from the evidence before him, and which has been affirmed by the Workmen's Compensation Appeal Board, will not be disturbed by this Court on appeal, if it is supported by any reasonable appraisal of the evidence."

The claimant complains of a statement in the opinion of the Workmen's Compensation Appeal Board attached to its order of September 6, 1961, which reversed the order of the commissioner of April 20, 1961 awarding the claimant total permanent disability and in lieu of such award granted the claimant an award of only 60% permanent partial disability. That statement is: "So that the record may speak plainly for the future, unless clear and unequivocal new facts should hereafter develop in this case the ruling here should be considered to permit permanent closing of this file." He contends that by that statement the appeal board adopted and applied to his claim a standard or requirement that it should be denied unless established by clear and unequivocal proof. This contention is without merit. The statement of the appeal board in its opinion attached to its order of September 6, 1961, which is also incorporated in the opinion of the appeal board attached to its final order of July 12, 1963, did not constitute an application of any standard or requirement of proof that the claim should be established by clear and

unequivocal evidence but was merely a premonitory expression, in view of the facts disclosed and considered in connection with the previous permanent partial disability awards to the claimant, that to obtain any additional compensation new facts would have to be presented in the future development of his claim. That the appeal board in affirming the order of the commissioner of April 10, 1963, denying the claimant further compensation, did not apply any rule of evidence which required him to establish his claim by clear and unequivocal proof is indicated by the statement in the opinion of the board that "No new facts, clear and unequivocal or otherwise, are now demonstrated, for which reason the Commissioner's order is affirmed." Of course, the claimant in a workmen's compensation case is not required to establish his claim by clear and unequivocal proof but is only required, in satisfying the burden of proving his claim, to establish it by evidence sufficient to make a reasonable person conclude that the claimant was injured while performing his duties in the course of his employment and any evidence from which it can be logically drawn that the injury resulted from and in the course of his employment will establish his claim. *Machala* v. *State Compensation Commissioner*, 109 W. Va. 413, 155 S. E. 169. In the opinion in that case this Court used this language: "The applicant, in this sort of proceeding, as in others, has the burden of proving his claim. But evidence sufficient to make a reasonable person conclude that the decedent was injured while performing his duties in the course of his employment is sufficient. 2 Schneider on Comp., sec. 537. So the burden of proof rests upon the applicant to furnish evidence from which it can be logically drawn that the injury arose out of and in due course of the employment, but that such proof may be heresay as well as direct. No rule may be laid down as to the degree of proof which is sufficient to justify such recovery. If the evidence, though slight, is sufficient to make a reasonable person conclude that decedent was injured while performing his duties in the course of his employment or duties incidental to that employment, then that feature of the case is proved." It should also be observed in this connection that Section 15,

Article 1, Chapter 23, Code, 1931, provides that "The Commissioner shall not be bound by the usual common law or statutory rules of evidence, but shall adopt formal rules of practice and procedure as herein provided, * * * ." The appeal board, in affirming the order of the commissioner and in denying the claimant further compensation, did not depart from the requirement of proof expressed in the *Machala* case. It did not require the claimant to prove his claim by clear and unequivocal evidence but merely held, and correctly so, that the claimant had failed to establish, by any evidence, any aggravation or progession of his condition or any new facts which had not previously been considered.

This Court has consistently applied the liberality rule in the interpretation of evidence in workmen compensation cases; but it has also repeatedly held that though informality in the presentation of evidence is permitted in compensation cases and that the liberality rule will be invoked in appraising the evidence presented, nevertheless the burden of establishing a claim rests upon the person who asserts it and no rule of liberality will take the place of the requirement that the claim must be established by proof. *Turner* v. *State Compensation Commissioner*, 147 W. Va. 145, 126 S. E. 2d 379; *Williams* v. *State Compensation Commissioner*, 127 W. Va. 78, 31 S. E. 2d 546.

As the statement in the opinion of the appeal board concerning clear and unequivocal new facts did not in any wise affect or control its decision, the statement complained of, even if erroneous, did not result in any prejudice to any right of the claimant.

The final order of the Workmen's Compensation Appeal Board, not being plainly wrong, must be affirmed.

*Affirmed.*