EUGENE BARE

v.

STATE COMPENSATION DIRECTOR

*and*

AMHERST COAL COMPANY

(No. 12304)

Submitted April 28, 1964.          Decided July 14, 1964.

*Jeter, Jeter & Jeter, James C. Jeter,* for appellant.

*Estep, Smith & Eiland,* for appellees.

HAYMOND, PRESIDENT:

This is an appeal by the claimant, Eugene Bare, from an order of the Workmen's Compensation Appeal Board entered November 8, 1963, which reversed and set aside an award of total permanent disability granted the claimant by the State Compensation Commissioner, now the State Compensation Director, entered December 27, 1962.

The claimant, a coal miner, who is now thirty three years of age, sustained injuries to his back and chest in a slate fall on July 15, 1954, while employed by Amherst Coal Company. He returned to work in January, 1955, and sus-

tained a second injury on February 3, 1955, when a hose attached to a pneumatic pick became disconnected and knocked him against a steel jack.

For these injuries which were sustained by the claimant in the course of and resulting from his employment he filed separate applications for compensation benefits. The claims were consolidated and after a previous reopening which is not involved in this appeal, the commissioner granted the claimant a permanent partial disability award of 60% by order entered April 21, 1958. Of this award 45% was for the injury to the claimant's back and 15% was for a diaphragmatic hernia. Upon appeal by the employer the Workmen's Compensation Appeal Board by order entered September 25, 1958, affirmed the order of the commissioner who on October 31, 1958, affirmed his former order of April 21, 1958.

In January 1960 the claimant filed his petition to reopen the claims on the ground of aggravation and progression of the injuries to his back. The petition to reopen was supported by a report of Dr. Harold H. Kuhn in which he recommended an additional 10% permanent partial disability award for orthopedic disabilities resulting from the injury to the claimant's back. The claims were reopened and after a hearing the commissioner ruled that the claimant had been adequately compensated and refused to award any additional compensation. Upon appeal by the claimant the Workmen's Compensation Appeal Board reversed the order of the commissioner and awarded the claimant an additional 5% permanent partial disability for the injury to his back. This additional 5% increased the total award to 65% of which 50% was for the injury to the claimant's back and 15% was for his hernia. There was no appeal from this award and it was accepted by the claimant and paid by the commissioner.

On August 10, 1961, the claimant filed his petition to reopen the claims. The petition was based on a psychiatric report dated March 21, 1961, by Dr. R. F. Richie who had previously examined the claimant at the instance of the West Virginia Vocational Rehabilitation Division. He diag-

nosed the condition of the claimant as psychophysiologic nervous system reaction, chronic and severe, and expressed the belief that the claimant was chronically and acutely ill with mental disorder, that in his agitated state he was totally incapable of any organized activity or gainful work, and that without intensive psychiatric treatment he would continue to be seriously ill and would possibly require hospitalization for mental illness. His report mentioned the claimant's accident of July 15, 1954, but did not otherwise refer to his injuries. In the report Dr. Richie expressed no opinion as to the cause of the condition of the claimant as disclosed by his examination, did not associate it with his injuries, and did not in any wise indicate that the mental and emotional condition of the claimant was caused by or resulted from his injuries.

On August 16, 1961, the commissioner denied the petition to reopen the claims. The claimant did not appeal but instead filed a second petition to reopen the claims based upon a report of Dr. Harold H. Kuhn, an orthopedic surgeon, who stated that the condition of the claimant had become worse and recommended an additional 10% disability award. The commissioner denied the petition on December 13, 1961. The claimant appealed to the Workmen's Compensation Appeal Board which by order entered May 22, 1962, reversed the commissioner and remanded the proceeding to the commissioner with directions to reopen the claims.

Upon the remand the commissioner referred the claimant for examination to Dr. R. R. Raub, an orthopedic surgeon, who filed a written report in which he stated that he did not believe that he could help the claimant from an orthopedic standpoint but that he felt that the claimant could be helped by some type of psychiatric care as the only alternative to his total disability. The commissioner then referred the claimant to Dr. William B. Rossman, a psychiatrist, who reported the condition of the claimant as acute anxiety reaction bordering on a paranoic type of illness. He recommended that the claimant be admitted to a state hospital for treatment and continued care. On December 27, 1962, the commissioner granted the claimant a total permanent

disability award. The employer protested and a hearing was held. At the hearing Dr. Rossman testified that the claimant had emotional and mental problems and expressed the opinion that the injuries sustained by the claimant contributed to his mental and emotional condition, that he was not employable because of his mental state at the time he examined him, and that from the standpoint of employability the claimant was totally and permanently disabled.

On June 21, 1963, the commissioner affirmed his order of December 27, 1962, and granted the claimant a total permanent disability award. Upon appeal by the employer the Workmen's Compensation Appeal Board by its order of November 8, 1963, reversed and set aside the total permanent disability award granted by the commissioner and determined that the claimant had been fully compensated by the 65% permanent partial disability award previously paid him. In its opinion the appeal board said that the only evidence in the record in support of an increase in the 65% permanent partial disability award was the evidence of the mental illness of the claimant and that such mental illness had been considered by the commissioner when he received the report of Dr. Richie on August 10, 1961. It is evident that the appeal board reached the conclusion that the mental illness of the claimant had been previously considered by the commissioner in rejecting the first petition of the claimant to reopen, and that such mental illness did not justify any reopening of the claims or entitle the claimant to greater benefits than he had already received on the basis of facts not previously considered by the commissioner in his former finding and that facts relating to the mental condition of the claimant could not be considered by the commissioner with respect to any additional disability award.

Section 16, Article 4, Chapter 23, Code, 1931, as amended, provides, in part, that the power and jurisdiction of the commissioner, now director, over each compensation case shall be continuing and that he may, from time to time, make such modifications or changes with respect to former findings or orders as may be justified, provided that no further award shall be made in case of nonfatal injuries except

within one year after the commissioner shall have made the last payment in any permanent disability case. Under the provisions of Section 1a, Article 5, Chapter 23, Code, 1931, as amended, when an injured employee makes application in writing for a further adjustment of his claim under the provisions of Section 16 and such application discloses cause for further adjustment of such claim the commissioner, now director, shall, after due notice to the employer, make such modifications or changes with respect to former findings or orders in such claim as may be justified. When a claimant makes timely application in writing for further adjustment of his claim and upon such application establishes progression or aggravation in his condition or a fact or facts not previously considered by the commissioner in his former findings which would entitle the claimant to greater benefits than he has already received, the claim should be reopened, and this Court will reverse an order of the appeal board affirming an order of the commissioner which denies a reopening of the claim. See *Johnson* v. *State Compensation Commissioner*, 128 W. Va. 37, 35 S. E. 2d 677.

The claimant insists that the facts embraced in the report of Dr. Raub and the report and the testimony of Dr. Rossman were not considered by the commissioner when he denied the petition of the claimant to reopen on the basis of the facts contained in the report of Dr. Richie. On the contrary, the employer contends, in substance, that in refusing to reopen the claims on the facts contained in the report of Dr. Richie concerning the mental and emotional condition of the claimant and that as the report of Dr. Raub and Dr. Rossman and the testimony of Dr. Rossman relate to the identical facts and condition mentioned in the report of Dr. Richie, the substance of those reports and the testimony of Dr. Rossman do not constitute facts not previously considered by the commissioner, are not sufficient to permit the claims to be reopened, do not justify or support an award of greater benefits than those already received by the claimant, and can not be considered for that purpose upon a reopening of the claims. In support of that contention the employer cites and relies upon the recent decision of this Court in the compensation case of *Meeks* v. *State Compensation*

*Commissioner*, 143 W. Va. 732, 104 S. E. 2d 865. The foregoing contention of the employer is without merit and must be rejected; and the *Meeks* case is clearly distinguishable and does not control the decision in the instant proceeding.

In the *Meeks* case the claimant sustained a severe injury to his back and was originally granted an award of permanent partial disability. His petition to reopen the claim, which was accompanied by a report of a physician, was denied by the commissioner who notified the claimant that a proper showing to reopen had not been made and that the claimant could apply within thirty days for an appeal to the Workmen's Compensation Appeal Board or could again make application to reopen within the statutory period. The claimant did not appeal from the ruling of the commissioner but instead filed a second petition to reopen the claim which was accompanied by a report of another physician. The commissioner denied the second petition to reopen the claim. On Appeal the Workmen's Compensation Appeal Board reversed the order of the commissioner, reopened the claim on the facts submitted with the first petition, and remanded the claim upon the ground that a proper showing to reopen had been made. The employer, on appeal to this Court, contended that the claim could not be reopened solely upon the basis of a medical report which had been previously considered by the commissioner, and which he held to be insufficient to reopen the claim, when no appeal from the ruling of the commissioner had been taken within the statutory period. This Court sustained the contention of the employer and held that where a petition to reopen has been denied by the commissioner because not supported by sufficient evidence, and no appeal has been taken to the appeal board within the thirty day period provided by statute, and subsequently the claimant files a second petition which in effect is supported solely by the evidence previously submitted with the first petition, the commissioner has no jurisdiction to reopen the claim.

The evidence which the claimant submitted when, by the order of the appeal board, the claims were reopened upon the second petition of the claimant to reopen, unlike the

facts submitted in connection with both petitions to reopen in the *Meeks* case, is not identical with the facts submitted with the first petition to reopen which the commissioner denied. It is true that the facts which establish the character and the effect of the mental and emotional condition of the claimant as outlined in the reports of Doctors Richie, Raub and Rossman are in some respects the same but that there is a material and vital difference between the facts embraced in the reports of the physicians and the testimony of Dr. Rossman in that he expresses, for the first and only time, the opinion that the mental and emotional condition of the claimant mentioned in the medical reports resulted from the injuries sustained by the claimant. This testimony which was not before the commissioner or considered by him when he rejected the first petition to reopen, supported by the report of Dr. Richie, constituted new facts which had not been previously considered by the commissioner and those new facts are sufficient to justify the reopening of the claims and to entitle the claimant to greater benefits than those received by him under the 65% award of permanent partial disability heretofore granted the claimant.

It is significant that the report of Dr. Richie, which followed an examination made at the instance of a vocational rehabilitation agency, and also the report of Dr. Raub, gave no indication that the mental and emotional condition of the claimant, which amounted to total permanent disability, resulted from or was contributed to by the injuries sustained by the claimant in the course of his employment. Without any showing in the report of Dr. Richie, which was all the commissioner considered in rejecting the first petition to reopen the claims, that the disabling condition disclosed by his report resulted from the claimant's injuries, the facts which constitute the report were clearly insufficient to justify a reopening of the claims. If the mental and emotional condition of the claimant, outlined in the report of Dr. Richie, without any indication of the cause of such condition, did not result from the injuries sustained by the claimant but resulted from any one of many other probable causes, it is clear that the commissioner would not be justified in reopening the claims. In the absence of a showing

that the mental and emotional condition of the claimant resulted from his injuries, and the report of Dr. Richie is completely silent in that respect, the action of the commissioner in refusing to reopen on the basis of that report was fully warranted. The reopening of the claims upon the second petition of the claimant, ordered by the appeal board, was based upon the report of Dr. Kuhn which indicated that the condition of the claimant had become worse and recommended an additional 10% disability award.

When, however, the claims were reopened upon the second petition, by order of the appeal board, and the claimant submitted the evidence of Dr. Rossman to the effect that the mental and emotional condition of the claimant resulted from his injuries and rendered him totally and permanently disabled from the standpoint of employability, new facts were established which had not previously at any time been considered by the commissioner. The facts to which Dr. Rossman testified in connection with the reports of the physicians that the mental and emotional condition of the claimant resulted from his injuries had not previously been considered by the commissioner in connection with the prior disability awards to the claimant or in connection with the action of the commissioner in denying the first petition of the claimant to reopen the claims. Upon the undisputed evidence that the mental and emotional condition of the claimant amount to total permanent disability and that such condition resulted from the injuries sustained by the claimant, introduced at the hearing after the claims had been remanded to the commissioner by the appeal board, the commissioner was fully justified in considering the mental and emotional condition of the claimant in granting the claimant a total permanent disability award. The action of the appeal board in reversing that award on the ground that it was based on evidence that had been previously considered by the commissioner is clearly wrong and will be reversed by this Court on this appeal.

In view of the facts disclosed by the record in this proceeding this Court holds that when a claimant for workmen's compensation benefits who has been granted a per-

manent partial disability award for injuries sustained in the course of his employment, files a petition to reopen his consolidated claims, supported by the report of a physician which shows a mental condition which totally and permanently disables the claimant but does not indicate that such condition resulted from his injuries, and the petition to reopen is denied; and the claimant later files a second petition to reopen his claims, supported by the report of another physician which states that the condition of the claimant had become worse and that the claimant should be given an additional permanent partial disability award and, after denial of the second petition by the commissioner, the claims are reopened upon the second petition, by order of the appeal board and remanded to the commissioner; and upon the hearing by the commissioner the report filed with the first petition and substantially similar reports of two other physicians and the testimony of one of such physicians that the condition of the claimant outlined in the reports was contributed to by the injuries sustained by the claimant and rendered him totally and permanently disabled are submitted, new facts not previously considered by the commissioner which entitle the claimant to greater benefits than those previously awarded him have been established and such facts are sufficient to support and justify an award of total permanent disability by the commissioner in favor of the claimant; and an order of the appeal board which reverses an award of the commissioner of total permanent disability on the ground that such award is based on facts previously considered by the commissioner, is clearly wrong and will be reversed by this Court and the claims will be remanded to the commissioner with directions that he reinstate his former award of total permanent disability to the claimant.

The order of the Workmen's Compensation Appeal Board of November 8, 1963, is reversed and set aside and these claims are remanded to the commissioner, now the director, with directions that he reinstate his award of total permanent disability to the claimant.

*Reversed and remanded*
*with directions.*