163 S.E.2d 798 (1968)
Lonnie JARRELL
v.
STATE WORKMEN'S COMPENSATION COMMISSIONER, and the Carbon Fuel Company.
No. 12739.
Supreme Court of Appeals of West Virginia.
Submitted October 8, 1968.
Decided October 29, 1968.
*799 Jackson, Kelly, Holt & O'Farrell, John L. McClaugherty, Louis S. Southworth, II, Charleston, for appellants.
George G. Burnette, Jr., Charleston, for appellee.
CALHOUN, Judge:
This workmen's compensation case is before the Court on an appeal by the employer, The Carbon Fuel Company, for review of an order entered by the Workmen's Compensation Appeal Board on January 10, 1968, which affirmed an order of the West Virginia Director of Workmen's Compensation (now known as West Virginia Workmen's Compensation Commissioner) entered on October 4, 1967, by which he awarded silicosis benefits to the claimant, Lonnie Jarrell.
The claim directly involved in this case relates to the second application for silicosis benefits filed by the claimant. The primary question presented for decision on this appeal is whether the claimant is precluded under the provisions of Code, 1931, 23-5-1, as amended, from a right to an award of benefits upon this second application by reason of his failure, within thirty days, to object in writing to the finding of the director in relation to the proceedings upon the first application.
The claimant ceased work for the employer on December 20, 1963, when the coal mine at which he was employed terminated its operations. On August 19, 1964, the claimant filed a claim for silicosis benefits. In its report in relation to the claim, the employer questioned the contention of the claimant that he had been exposed to the hazard of silicon dioxide dust in accordance with the requirements of Code, 1931, 23-4-15b, *800 as amended. On September 10, 1964, the director entered an order as follows:
"This claim came on to be considered this 10th day of September, 1964, upon the claimant's application for silicosis benefits, filed August 19, 1964, and upon a review of the entire record; and it appearing therefrom that claimant has made no prima facie showing that he has contracted the disease silicosis, and the Director being of the opinion that claimant has not been exposed to the hazard of silicon dioxide dust in harmful quantities for a continuous period of sixty days or more, within two years prior to the filing of his said application, it is hereby ordered and directed that this claim be and the same is hereby denied; all of which is accordingly so ordered."
It will be noted that by his order the director (a) found that the claimant had made no prima facie showing that he had contracted the disease silicosis; (b) found that he had not been exposed to the hazard of silicon dioxide dust as required by the pertinent statute; and directed that the claim be denied.
On September 14, 1964, R. Jack Canterbury, Secretary, Workmen's Compensation Fund, directed a letter to the claimant and to the employer. The letter notified the parties of the director's action and quoted the order which had been entered by the director. The concluding paragraph of the letter is as follows: "Either party has thirty days from receipt of this order within which to enter objection in writing thereto."
No protest or objection was made to the director's order of September 10, 1964, in accordance with Code, 1931, 23-5-1, as amended.
On October 8, 1965, the claimant filed the second application or claim for silicosis benefits. The proceedings upon this second application are involved in the case presently before the Court. In the second application, the claimant stated that he had not applied previously for silicosis benefits. On December 1, 1965, the West Virginia Workmen's Compensation Commissioner, (the title of his official position having been changed by an act of the legislature which became effective July 1, 1965), entered a nonmedical order referring the claim to the Silicosis Medical Board. A protest to that action was made by the employer. Pursuant to that protest, a nonmedical hearing was held on June 17, 1966.
At the hearing, the employer introduced in evidence a copy of the claimant's initial application for silicosis benefits. It was stipulated that the claimant received a copy of Mr. Canterbury's letter of September 14, 1964. The claimant admitted that he had not been exposed to the hazard of silicon dioxide dust subsequent to the period of employment referred to in his initial application for silicosis benefits. The employer moved that the claim be dismissed on the ground that the claimant's contention that he is entitled to silicosis benefits was irrevocably determined against him as a consequence of the law applicable to the proceedings in connection with his initial claim. Under date of July 5, 1966, the motion to dismiss was denied and the claim was referred to the Silicosis Medical Board which, on November 1, 1966, determined that there was sufficient evidence to justify a diagnosis of silicosis. The employer promptly objected to that action of the board. A hearing was held before the Silicosis Medical Board on May 17, 1967. At this hearing, the employer renewed its motion to dismiss the claim. The trial examiner denied the motion.
On October 4, 1967, the commissioner entered an order making a 20% award of silicosis benefits to the claimant. Upon appeal by the employer, the appeal board, by its order entered on January 10, 1968, affirmed the ruling and order of the commissioner. From that action of the appeal board, the employer has been granted the appeal to this Court.
*801 The case presents for decision the question whether the commissioner and the appeal board erred in awarding silicosis benefits to the claimant upon his second application by reason of the provisions of Code, 1931, 23-5-1, which, subject to omission of certain language not deemed pertinent to this case, is as follows:
"The commissioner shall have full power and authority to hear and determine all questions within his jurisdiction, but upon the making or refusing to make any award, * * * the commissioner shall give notice, in writing, to the employer, employee, * * *, of his action, which notice shall state the time allowed for filing an objection to such finding, and such action of the commissioner shall be final unless the employer, employee, claimant or dependant shall, within thirty days after the receipt of such notice, object, in writing, to such finding. Upon receipt of such objection the commissioner shall, within thirty days from receipt thereof, set a time and place for the hearing of evidence. * * *. After final hearing the commissioner shall, within sixty days, render his decision affirming, reversing or modifying, his former action, which shall be final; provided, however, that the claimant or the employer may apply to the appeal board herein created for a review of such decision; * * *." (Italics supplied).
We are of the opinion that the language of the statute which is pertinent to this case is clear and unambiguous. It is the duty of the Court, therefore, to apply the statute in accordance with the legislative intent therein clearly expressed. State ex rel. Riffle v. City of Clarksburg, W.Va., pt. 3 syl., 162 S.E.2d 181.
The appeal board, relying upon Burr v. State Compensation Comm'r, 148 W.Va. 17, 132 S.E.2d 636 and Meeks v. State Compensation Comm'r, 143 W.Va. 732, 104 S.E.2d 865, held that the order entered by the commissioner on September 10, 1964, in relation to the claimant's initial application was based upon the commissioner's "administrative procedure of processing a silicosis claim in the initial stages upon the basis of claimant's application, form CD 6-Z, the physician's preliminary report, form CD 7-Z, and the employer's report, CD 13-Z. Such order, in our opinion, did not encompass a determination made upon the merits of the claim." The appeal board's opinion further states that the order "was not a final determination of claimant's entitlement to silicosis benefits and did not bar claimant's second application * * *, and the award of 20% permanent partial disability made to claimant for the disease silicosis."
By brief and oral argument in this Court, counsel for the claimant relies basically on the same reasoning and the same prior decisions of this Court as those which were relied upon by the appeal board in its opinion. Counsel for claimant concedes that the order of September 10, 1964, was not erroneous; that it became final by failure of the claimant to make timely protest or objection to the order; and that, having attained that status, the order "can never be vacated, set aside, annulled, modified or amended under the doctrine of Dismond and Garnes." The reference is to Dismond v. State Compensation Comm'r, 148 W.Va. 26, 132 S.E.2d 743 and State ex rel. Garnes v. Hanley, 150 W.Va. 468, 147 S.E.2d 284. Counsel for the claimant inisists that the order of September 10, 1964, was merely "an interlocutory finding" and that it was not "res judicata" so as to preclude an award of silicosis benefits upon the second application.
We are unable to agree with the reasoning and legal principles asserted by the appeal board and counsel for the claimant. The Meeks and Burr cases, which were relied upon by the appeal board and which are relied upon by counsel for the claimant, both involved applications for reopenings and further adjustments of claims. We believe, therefore, that those cases are *802 not in point in relation to the legal question presented in this case.
This case involves a refusal of the director (now commissioner) to make an award. The applicable statute is Code, 1931, 23-5-1, which provides that after the commissioner enters such an order and after the giving of the prescribed notice to the claimant, "such action of the commissioner shall be final unless the * * * claimant * * * shall, within thirty days after the receipt of such notice, object, in writing, to such finding." (Italics supplied). The statute from which we have quoted immediately above, as it relates to this case, is clear and unambiguous. The order of September 4, 1964, in the absence of objection in writing as provided for in Code, 1931, 23-5-1, became final upon the date of the entry thereof. The claimant had a right to object in writing to the order, to have a hearing and, upon an adverse ruling, he had a right to appeal to the appeal board. In the event of an adverse ruling by the appeal board, he had the right to apply to this Court for review of the appeal board's order.
Our construction of pertinent statutes in this respect is, we believe, sustained by State ex rel. Garnes v. Hanley, 150 W. Va. 468, 472-473, 147 S.E.2d 284, 287; Dismond v. State Compensation Comm'r, 148 W.Va. 26, 132 S.E.2d 743; Cottrell v. State Compensation Comm'r, 145 W.Va. 336, 115 S.E.2d 153.
We are sympathetic to the claimant, and we regret that he was not represented by counsel until after the expiration of the thirty-day period.
For reasons stated in this opinion, the order of the Workmen's Compensation Appeal Board entered on January 10, 1968, is reversed and the case is remanded to the West Virginia Workmen's Compensation Commissioner with directions to dismiss the claim.
Reversed and remanded with directions.