**Muriel COTE**

v.

**OSTEOPATHIC HOSPITAL OF MAINE, INC. and Granite State Insurance Company.**

Supreme Judicial Court of Maine.

Argued March 4, 1982.

Decided July 7, 1982.

Richardson, Tyler & Troubh, Thomas E. Getchell (orally), Robert J. Piampiano, Portland, for plaintiff.

Preti, Flaherty & Beliveau, Keith A. Powers (orally), Portland, for defendants.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

WATHEN, Justice.

The employer, Osteopathic Hospital of Maine, Inc., appeals from the pro forma judgment of the Superior Court, Cumberland County, which affirmed an award of compensation for total incapacity to the employee, Muriel Cote, by the Workers' Compensation Commission on March 3, 1981. The Commissioner based his decision upon a finding of depression and a worsening physical condition acting in combination to produce total incapacity. In view of the fact that there is no competent record evidence to support the finding of deterioration in her physical condition after any appropriate comparison date, we vacate and remand for a determination of the degree of further incapacity produced by the psychological condition alone.

The employee, a nurse, was injured at work in 1972. She was paid compensation for total disability by agreement with the employer for six months. Two weeks after

returning to work in 1973 she re-injured her back and again was paid compensation for total disability by agreement.

This Court's first involvement in this claim was in *Cote v. Osteopathic Hospital of Maine, Inc.*, Me., 432 A.2d 1301 (1981). There we upheld a Commissioner's decree dated June 4, 1980, on the employer's petition for review of incapacity which had reduced the employee's compensation to payment for 50% incapacity. Two weeks after that decree was entered and before the first *Cote* appeal was heard, the employee filed a petition for review of incapacity, the resolution of which gives rise to this appeal.

The employee's petition for review, which initiated the present case, was filed on June 30, 1980. The evidence presented at hearing established that in September, 1980, she began to see a psychiatrist for treatment of depression. The psychiatrist testified that the depression was associated with the back injury, and he believed it might have first developed in February or March 1980. It was his opinion that the employee was unemployable as a result of the combined effect of the injury and the depression, although the depression alone would not have prevented her from working. The doctor who treated the employee's back stated that her physical condition remained the same from March, 1980, to August, 1980, the last time he had seen her before testifying.

Based upon this evidence the Commissioner concluded that the employee had established incapacity in addition to that fixed by the prior decree. He found that depression in "combination with [a] continuingly worsening low back results in the employee being totally disabled from work."

■ Defendant contends that the Commission decree must be reversed because of the lack of any comparative evidence relating either to the employee's physical or emotional condition. We agree that the finding of a deteriorating physical condition is unsupported by comparative evidence and is erroneous. Neither the employee nor her attending physicians provided evidence which would permit comparison of her physical condition on the date of the prior decree to her physical condition at the time of the hearing. In the absence of comparative evidence, the degree of incapacity attributable to the physical injury remains fixed by force of the prior award dated June 4, 1980. *Haney v. Lane Construction Corp.*, Me., 422 A.2d 1292 (1980); *Hafford v. Kelley*, Me., 421 A.2d 51 (1980); *Dufault v. Midland-Ross of Canada, Ltd.*, Me., 380 A.2d 200 (1977).

■ The finding of error does not mandate a reversal of this case. The remaining issue is whether the psychological factor found to be present and causally related can alone entitle the employee to an award of further incapacity, notwithstanding the absence of comparative evidence. We hold that the Commissioner would be entitled to make an award reflecting the additional incapacity attributable solely to the superimposed psychological condition. The employee presented evidence that she began to experience depression in the spring or summer of 1980. She first visited a psychiatrist and was diagnosed and treated for depression on September 30, 1980. The absence of comparative evidence concerning the onset and progress of her depression is not violative of the comparative evidence rule adopted by this Court. Professor Larson's comments in this regard are pertinent.

> The requirement that the evidence of change be comparative is satisfied not only by testimony cast in terms of relatively higher or lower percentages of disability or degrees of seriousness of the condition, *but also by a showing of the appearance of a factor that is new in kind rather than degree. For example, if the first award was based solely on physical symptoms, and if a neurotic condition superimposes itself, this is obviously a change enough in itself.* (emphasis added)

3 A. Larson, Workmen's Compensation Law § 81.33 (1976). The case of *Moccia v. Eclipse Pioneer Div. of Bendix Aviation*, 57 N.J.Super. 470, 155 A.2d 129 (1959) is illustrative of the authority relied upon by Lar-

son. *See also Capitol Foundry v. Industrial Commission*, 27 Ariz.App. 79, 551 P.2d 69 (1976); *Bare v. State Compensation Director*, 148 W.Va. 760, 137 S.E.2d 435 (1964). In *Moccia* a prior award was based solely on a physical condition. The later award was based on anxiety neurosis. The court while recognizing the general necessity for comparative medical evidence stated:

> In this case it is clear that if the neurosis did not develop until after the [prior hearing] ... then there is nothing with which to compare it. That is, if the disability, up through the [prior hearing] ... was entirely a physical one (whether its cause was physical or psychological), then an increase in disability due to a new and strictly psychological complaint, with both psychological causes and symptoms, resulting from the same trauma but manifested later, can be established by indicating that the combined physical condition and psychological condition rendered the petitioner more disabled than she would be if she were suffering only from the physical manifestations. ... The question remains, therefore, whether or not the existence of a neurosis was either raised, litigated or determined in the ... [prior] proceeding.

*Moccia v. Eclipse*, 155 A.2d at 133. This Court in *Nelson v. Town of East Millinocket*, Me., 402 A.2d 466, 468 (1979) cited *Moccia* and Professor Larson's statement of the rule approvingly, although in dictum. In *Nelson* the rule was held to be inapplicable because the employer was seeking to relitigate the original physical injury, but the Court recognized the validity of the rule in an appropriate case.[1]

> In [*Capitol Foundry, Moccia*, and *Bare*] employees sought to reopen previous awards for partial incapacity on the ground that they had experienced psychological disabilities, usually neuroses, stemming from the work-connected physical injuries that formed the bases of the prior awards. In such a case, the degree of incapacity ascribable to the physical injury is not placed in issue and remains fixed by force of the prior award. The only question in such a case, assuming the employee can prove that a psychological condition has developed as a result of the work-related injury, is whether and to what degree the new condition has further impaired the employee's working capacity.

*Nelson v. Town of East Millinocket*, 402 A.2d at 468–69.

The instant case presents an appropriate opportunity for the application of the foregoing rule. The employee sought to establish further incapacity resulting from a worsening physical condition and a superimposed condition of depression. Either condition, tied causally to her injury, or both in combination, either being causally related, would entitle her to a determination of incapacity beyond that degree fixed in the prior decree. The employee failed to prove a worsening physical condition because of the absence of comparative evidence with respect to the prior decree. She did prove, however, the existence and causality of the psychological condition of depression, a factor new in kind rather than degree. While there may be evidence in the record to suggest that the first onset of depression occurred before the prior decree, a preclusive effect is not mandated. The employee's depression was not diagnosed until four months after the prior decree. An examination of all the prior decrees in this case together with the findings of fact establishes that the sole basis for prior awards was

---

1. The case of *Smith v. Dexter Oil Co.*, Me., 432 A.2d 438 (1981) demonstrates the resolution of a variant of the current issue in a logically consistent manner. In *Smith* this Court determined that an approved agreement included both physical injury and a neurotic condition. The Commission decision terminating compensation was reversed. Even though the evidence supported the finding that the effects of the physical injury had ended, there was no evidence that the neurotic condition had abated. Comparative evidence was required and the exception created by *Curtis v. Bridge Construction Corp.*, Me., 428 A.2d 62 (1981) was held to be factually inapplicable. *Smith* differs from the present case in that here we are concerned with the addition of a neurotic condition to the matrix of causes of incapacity while *Smith* involved an attempt to remove it.

physical injury. The psychological feature was never raised, litigated or determined in any prior proceeding. Under these circumstances comparative evidence is neither possible nor required because there is nothing to which a comparison can be made.

The decree in this case makes an award based upon the employee's physical and psychological condition without specifying the contribution of each to her further incapacity. Having determined that the finding pertaining to the physical condition is in error and that the psychological condition would independently support an award, we must vacate. On this record, upon remand the incapacity resulting from the physical manifestations of injury remain fixed by force of the decree dated June 4, 1980. The Commissioner must now determine to what degree the psychological condition alone, or in combination with her physical condition resulting from her injury, has *further* impaired the employee's working capacity.[2]

The entry will be:

The *pro forma* decree of the Superior Court is vacated and the case is remanded to the Workers' Compensation Commission for further proceedings consistent with the opinion herein.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550.00, together with her reasonable out-of-pocket expenses for this appeal.

All concurring.

---

**2.** The Commissioner explicitly found the psychological condition to be causally related to the original work injury. In the interim since the Commissioner's decision this Court has spoken to the issue of causation in *Bryant v. Masters Machine Co.*, Me., 444 A.2d 329 (1982). Upon remand it would be appropriate for the Commissioner to consider anew the finding of causation in the light of this Court's current statement of the law.