Coy W. Collins

*v.*

State Compensation Commissioner
And United States Steel Corporation

(No. 12045)

Submitted September 7, 1960. Decided December 13, 1960.

*R. L. Theibert,* for appellant.

*Dayton, Campbell & Love, C. M. Love, George W. S. Grove, Jr.,* for appellee.

Browning, President:

Claimant, Coy W. Collins, filed an application for workmen's compensation benefits alleging a back injury sustained on August 12, 1958, when he slipped while carrying a rail inside the mine of his employer, the United States Steel Corporation. On November 21, 1958, the State Compensation Commissioner determined the claim compensable and awarded temporary benefits of $20.00 weekly to which finding the employer protested. Pursuant to the employer's protest a hearing was held at which claimant testified as to

when and how the injury occurred and was corroborated as to his slipping while carrying a rail on that day by a fellow employee. The employer introduced the testimony of its assistant mine foreman who testified that claimant did not slip while carrying the rail within the witness' view. On April 23, 1959, the Commissioner entered an order affirming his previous order of November 21, 1958, holding the claim compensable. This order was transmitted to the parties by letter dated April 24, 1959, which letter also notified the parties that they had thirty days from receipt thereof within which to appeal.

In a letter of May 25, 1959, the employer, by counsel, requested the Commissioner to set aside his order of April 23, 1959, and reopen the claim for further hearings on the basis of ''newly discovered evidence in the form of a medical report dated September 17, 1958 from Dr. R. R. Raub * * *.'' Dr. Raub's report was enclosed, the pertinent portion of which reads as follows: ''This man was seen at the Bluefield Sanitarium on 8-13-58 with a history of slipping in a hole at home three weeks previously and twisting his back. * * *'' Upon receipt of this letter, the Commissioner, on May 25, 1959, entered an order setting aside his order of April 23, 1959, and set the claim for hearing for further development. A hearing was held at which Dr. Raub testified that the history as reported was that originally given to his secretary by the claimant, but that either before or after a surgical operation for the removal of a herniated disc, approximately one month later, claimant informed him that it was a work injury. Claimant then testified that in giving the history of his injury ''I told her I stepped in a hole and hurt my back, but I did not tell her where.''

Subsequent to this hearing, The Commissioner, on November 9, 1959, entered an order reversing his previous order of November 21, 1958, holding the claim compensable, and rejected the claim on the ground that the injury was not received in the course of and as a result of claimant's employment, which order was

affirmed by the Workmen's Compensation Appeal Board on May 20, 1960.

Errors assigned in this Court all pertain to the authority or jurisdiction of the Commissioner to enter the order of May 25, 1959.

The precise question before this Court is whether the Commissioner's order of April 23, 1959, from which there was no appeal to the Board, was final. To decide that question it is necessary to determine the validity of the Commissioner's order of May 25, 1959, purporting to set aside his order of April 23, 1959, and setting the claim for additional hearing upon the basis of "newly discovered evidence", as heretofore stated. Section 1 of Article 5 of Chapter 23 of the Code, as amended, states the procedure to be followed by the Commissioner in contested claims heard by him and those provisions are clear and unambiguous. The final sentence of that section is controlling: "After final hearing the commissioner shall, within sixty days, render his decision affirming, reversing or modifying, his former action, which shall be final; provided, however, that the claimant or the employer may apply to the appeal board herein created for a review of such decision; but no appeal or review shall lie unless application therefor be made within thirty days of receipt of notice of the commissioner's final action, or in any event within sixty days of the date of such final action, regardless of notice." This section does not state that the Commissioner's appealable order entered after a hearing shall be final thirty days from the date of its entry, but states that within a certain time after hearing the Commissioner shall render his decision *"which shall be final."* (Italics Supplied.) The order, as far as the Commissioner is concerned, is final when it is entered and this section does not state that it shall become final thirty days thereafter. It is true that the aggrieved party has further recourse, but it is by means of an appeal to the Board.

The 1st Syllabus Point in *Cottrell v. State Compensation Commissioner* 145 W. Va. 336, 115 S. E. 2d.

153, reads: "The State Compensation Commissioner has no power or jurisdiction to vacate, set aside or modify a final order made by him, except in instances specifically provided by statute." The facts in that case differ from those in the instant case in that in the *Cottrell* case the Commissioner attempted to set aside and modify a previous order more than two months after it was entered. In the opinion in the *Cottrell* case is this statement: "* * * The language quoted seems to make it clear that once an order entered by the commissioner has become final he has no longer any power or authority to change, vacate or modify, except in certain circumstances not applicable here. * * *" The "circumstances" referred to are, as will be noted from the 1st Syllabus Point heretofore quoted, "the instances specifically provided by statute." The only possible exception to this rule would be a determination by the Commissioner upon competent proof that the final order was made or procured through fraud or mistake. *Harris v. Diamond Const. Co.,* 184 Va. 711, 36 S. E. 2d. 573, 578; *Butts v. Montague Bros.,* 208 N. C. 186, 179 S. E. 799; *In Re Crawford,* 205 S. C. 72, 30 S. E. 2d. 841; *Homan v. Belleville Lumber & Supply Co.,* (Ind.) 8 N. E. 2d. 127. See also *Mathews, State Comp. Comr. v. Dale, et al.,* 118 W. Va. 303, 190 S. E. 338; *Pritt v. West Virginia N. R. Co.,* 132 W. Va. 184, 51 S. E. 2d. 105, 6 A. L. R. 2d. 562.

The employer relies upon the language of Code, 23-4-16, as amended, which reads in part: "The power and jurisdiction of the commissioner over each case shall be continuing and he may from time to time, after due notice to the employer, make such modifications or changes with respect to former findings or orders as may be justified: * * *." This language was contained in the original draft of the Workmen's Compensation Act, Code, 1913, Chapter 15P, Section 40. The procedural changes in Chapter 23, which contains the Workmen's Compensation Law of this State, have been so numerous and extensive since that time, and have so

clearly circumscribed the "unlimited jurisdiction" which the Commissioner originally had as to make this language almost meaningless. The provision that the Commissioner may from time to time change his former findings or orders "after due notice to the employer", without any reference to the claimant or other interested party, makes that statement obvious. In 23-5-1, as amended, specific reference is made to the provisions of Code, 23-4-16, as amended, and it there states that: "* * * the employer, employee, claimant, or dependent, * * *." shall be notified of the making or refusing to make an award or upon the making of any modification or change with respect to former findings or orders.

The opinion of the Workmen's Compensation Appeal Board, dated May 20, 1960, ably analyzes the facts, including the medical evidence in this case, and concludes with this paragraph: "Examination of the entire record results in our holding that the Commissioner was not plainly wrong in ruling that this claim is not compensable. He is affirmed." Upon the merits this Court would certainly not disturb that finding as being clearly wrong. However, we hold that since there was no appeal from the Commissioner's final order of April 23, 1959, within the thirty day statutory period after notice thereof was received by the employer, and since the evidence in the record is insufficient to justify a finding that such order was procured or made through fraud or mistake, all of the actions thereafter taken by the Commissioner or the Board, and all orders thereafter entered by either, were a nullity. Since neither of the parties complied with the provisions of Code, 23-5-3, as amended, by perfecting an appeal to the Board from that order, both the Commissioner and the Board were without jurisdiction to take further action with regard to that order, except that the Commissioner could comply with its provisions by making such payments to the claimant as he is entitled to thereunder.

The order of the Board of May 20, 1960, and all orders of the Commissioner entered after April 23,

1959, are reversed, and the Commissioner's order of April 23, 1959, is reinstated.

*Reversed and remanded with directions.*