NATHANIEL DISMOND

*v.*

STATE COMPENSATION COMMISSIONER,

AND OLGA COAL COMPANY

(No. 12267)

Submitted September 10, 1963. Decided October 22, 1963.

*Patrick J. Flanagan,* for appellant.

*Crockett, Tutwiler & Crockett, Charles A. Tutwiler,* for appellee.

CAPLAN, JUDGE:

This appeal is from an order of the Workmen's Compensation Appeal Board entered on May 10, 1963, which affirmed an order of the State Compensation Commissioner (now State Director of Workmen's Compensation), dated November 1, 1962. The order of the Commissioner attempted to set aside, vacate and annul an order made by him on the 5th day of October, 1962, from which order no appeal was sought.

Claimant, Nathaniel Dismond, suffered an injury to his head on November 12, 1956 when, while working in the mine of Olga Coal Company, he ran into a header. On the following day he was examined by the company doctor, Charles Glen Adkins. Thereafter, on December 15, 1956, the claimant, complaining of a headache, again went to see Doctor Adkins. Upon examination Doctor Adkins determined that the vision of the claimant's right eye was 20/200 and suggested that he be referred to a hospital for further examination. The claimant filed his claim with the Workmen's Compensation Commissioner and it was determined that the claim was compensable. No payment

of compensation was made, however, for the reason that there was no lost time due to the injury.

At the request of the Commissioner, the claimant was examined by Doctor J. E. Blaydes, of Bluefield. Two examinations were made, one on September 11, 1957 and one on December 20, 1957. The results of the examinations were forwarded to the State Compensation Commissioner on December 20, 1957, wherein Doctor Blaydes reported that the claimant's loss of vision was progressive. He recommended an award of permanent partial disability in the amount of 32.967 per cent.

After receiving and upon the consideration of Doctor Blaydes' report, the Commissioner, on January 21, 1958, entered an order granting the claimant a 33 per cent permanent partial disability. The order contained the usual language stating that either party had thirty days from the receipt thereof within which to file an objection to the finding. No objection was made to the final order and payments thereunder were forwarded to the employer and paid to the claimant.

Several months thereafter, on October 7, 1958, the employer, acting under the provisions of Code, 1931, 23-5-1c, as amended, filed with the Commissioner its petition requesting that this claim be reopened. Therein the employer claimed that it had newly discovered evidence which proved that the condition of the claimant's vision was not due to the injury which he received on November 12, 1956, but rather was caused by injuries received prior thereto. This offered proof was in the form of affidavits attached to the employer's petition and purported to show that the claimant had received serious injury to his right forehead on two occasions prior to the injury of November 12, 1956.

As a result of this petition the Commissioner, on November 12, 1958, entered an order vacating and setting aside the order of January 21, 1958. After objection thereto by the claimant and hearings thereon, the Commissioner entered an order dated May 3, 1960, affirming his order of November 12, 1958. This finding was ap-

pealed to the Workmen's Compensation Appeal Board. The Board reversed the Commissioner and remanded the case for further proceedings. Following additional hearings, the Commissioner, on October 5, 1962, entered an order reinstating his order of January 21, 1958, wherein the claimant was granted a 33 per cent permanent partial disability award. No appeal therefrom was taken by either of the parties.

Although the record is silent as to any appeal or objection by the employer to this order granting claimant an award, the Commissioner, on his own initiative, entered an order on November 1, 1962, vacating, setting aside and annulling the order of October 5, 1962, "on the ground that no permanent partial disability has resulted from the claimant's injury of November 12, 1956; * * *." The order of October 5, 1962 was forwarded to the parties by letter dated October 8, 1962. Notice of the November 1, 1962 order was submitted to the parties by letter dated November 8, 1962.

Upon appeal by the claimant, the Appeal Board affimed the Commissioner's order of November 1, 1962. It is from that order of the Appeal Board that the claimant now prosecutes this appeal in this Court.

An examination of the record reveals other facts upon which the employer bases its defense to this claim. However, we are of the firm opinion that the sole and controlling question is whether the Commissioner, after entering an order to which no objection has been made or from which no appeal has been taken, retains jurisdiction which would enable him to alter or change that order.

No showing is made upon the record that the order of October 5, 1962, was entered through fraud or mistake; nor does the order of November 1, 1962 so indicate. The order of October 5, 1962 clearly states that the case was again being considered upon the entire record, including the hearing duly held and the transcript of evidence. It concluded by reinstating and affirming the Commissioner's ruling of January 21, 1958. The order of November 1, 1962 also recited that the case was again considered

upon the entire record and particularly upon the Commissioner's order of October 5, 1962. It was then therein ordered that "the aforesaid ruling of October 5, 1962, be and the same is hereby set aside, vacated and annulled on the ground that no permanent partial disability has resulted from the claimant's injury of November 12, 1956; * * *".

The order of the Commissioner entered on October 5, 1962 was a final order. This is made clear by the language of Code, 1931, 23-5-1, as amended, wherein it is provided that the commissioner, upon making or refusing to make any award, shall give notice to the parties of his action, which notice shall state the time allowed for filing an objection to such finding, "and such action of the commissioner shall be final unless the employer, employee, claimant or dependent shall, within thirty days after the receipt of such notice, object, in writing, to such finding."

In this case no objection to the order of the Commissioner was made by the employer as required by Code, 1931, 23-5-1, as amended. It is argued that since the new order vacating the order of October 5 was entered within thirty days from the latter order, there was no reason or necessity for entering an objection. In this regard it must be noted that the order of October 5, 1962 went out by letter dated October 8, 1962, and the order of November 1, 1962 was transmitted by letter dated November 8, 1962. The employer can not now successfully contend that there was no need for it to have voiced an objection to the Commissioner's October 5, 1962 ruling.

An adjudication of the commissioner granting or denying a claim for compensation is a final disposition thereof and becomes final immediately upon the entry of his order. 100 C.J.S. 986, Workmen's Compensation, Section 656; *Collinsworth* v. *Harvey Coal Corporation,* 288 Ky. 704, 157 S. W. 2d 294. This Court has held that such order is a final determination of a controversy relating to property rights by a public official expressly authorized to make such decision. *Truax-Traer Coal Co.* v. *Compensation Commissioner, et al.,* 123 W. Va. 621, 17 S. E. 2d 330.

Our compensation statutes expressly provide a remedy for one who feels that he is aggrieved by a ruling of the compensation commissioner. He may object thereto and may be afforded further hearings or he may appeal to the Workmen's Compensation Appeal Board in the manner provided by law. He must, however, take the initiative and undertake one of the aforementioned procedures in order to have a final order of the commissioner reconsidered.

That the order of the commissioner, after full hearing, is final upon its entry is further developed by the following language of Code, 1931, 23-5-1, as amended: "After final hearing the commissioner shall, within sixty days, render his decision affirming, reversing or modifying, his former action, which shall be final; provided however, that the claimant or the employer may apply to the appeal board herein created for a review of such decision; but no appeal or review shall lie unless application therefor be made within thirty days of receipt of notice of the commissioner's final action, or in any event within sixty days of the date of such final action, regardless of notice." This section clearly states that the decision of the commissioner shall be final upon entry, not thirty days thereafter. The aggrieved party has recourse, but it is by means of appeal. *Collins* v. *Compensation Commissioner*, 145 W. Va. 774, 117 S. E. 2d 313.

When the compensation commissioner enters a final order he no longer retains jurisdiction over the case unless the party seeking to reopen the case brings himself within the terms of the statute providing for modification of such order. 58 Am. Jur. 889, Workmen's Compensation, Section 499; *Pacific Employers Insurance Company* v. *Shoemake*, 105 Ga. App. 432, 124 S. E. 2d 653; *Bowen* v. *Chiquola Manufacturing Company*, 238 S. C. 322, 120 S. E. 2d 99; *Graden Coal Company* v. *Yturralde*, 137 Colo. 527, 328 P. 2d 105; *Wammack* v. *Industrial Commission of Arizona*, 83 Ariz. 321, 320 P. 2d 950; *Silke* v. *Walter*, 65 N. J. Super. 36, 166 A. 2d 837.

In the case under consideration the Commissioner had the benefit of all the facts revealed by the transcript of the

hearings prior to the entry of his order of October 5, 1962. Any fraud or mistake would have been revealed to him. His order of November 1, 1962 clearly shows that he did not change his former order because there was fraud in the case or because it was entered by mistake. In two recent decisions this Court has held unequivocally that the compensation commissioner has no power or jurisdiction to vacate, set aside or modify a final order made by him, except in instances specifically provided by statute. *Cottrell* v. *State Compensation Commissioner,* 145 W. Va. 336, 115 S. E. 2d 153; *Collins* v. *State Compensation Commissioner,* 145 W. Va. 774, 117 S. E. 2d 313. To permit the commissioner, upon his own motion, to reopen a case and vacate or modify an award which he has made would open the way to delays in compensation cases. *Fleming* v. *National Cash Register Company,* 188 Kan. 571, 363 P. 2d 432. Furthermore, to permit such action by the commissioner would, in effect, deny finality to such orders and confuse the parties as to their rights.

There having been no appeal taken from the Commissioner's final order of October 5, 1962, and there being insufficient evidence in the record to justify a finding that such order was entered through fraud or mistake, we hold that all of the actions taken by the Commissioner or the Workmen's Compensation Appeal Board and all orders entered subsequent to the aforesaid final order were a nullity.

The order of the Board of May 10, 1963 is reversed and the Commissioner's order of October 5, 1962 is reinstated.

*Reversed and remanded with directions.*