ELLIS RAY STEWART

*v.*

STATE COMPENSATION DIRECTOR, AND
POCAHONTAS FUEL COMPANY

(No. 12465)

Submitted September 7, 1965.     Decided October 12, 1965.

*Crockett, Tutwiler & Crockett, Charles A. Tutwiler,* for appellant.

*Patrick J. Flanagan,* for appellee.

BROWNING, PRESIDENT:

Ellis Ray Stewart, hereinafter referred to as claimant, was injured while at work on June 7, 1962. The claim was held compensable and he was paid temporary total disability benefits during the course of his treatment by Dr. R. R. Raub. On March 26, 1963, Dr. Raub, by letter, informed the director that while claimant still had pain he, Dr. Raub, had nothing specific to offer and felt ". . . that the patient should either be seen concerning further treatment or else go ahead and rate him at this time, as it could be a considerable period of time before he will be able to return to work." The director thereupon referred claimant to Dr. J. H. Smith for examination to determine whether claimant was in need of further treatment or if he had reached his maximum improvement and, if so, the percentage of permanent disability. Dr. Smith reported that claimant did not need further treatment, had reached maximum improvement, and recommended a ten per cent disability award. Thereafter, on June 4, 1963, the director determined claimant to have sustained a ten per cent permanent partial disability as a result of his injury but informed him that inasmuch as he had been paid an amount on a temporary basis in excess of the amount due for a ten per cent award no further payments would be made. This order further informed the parties that they had thirty days from the receipt thereof within which to file objections thereto.

Claimant, under date of June 25, 1963, wrote the director advising him, with reference to the June 4 order, "I am not at all satisfied with this. . ." and that, "So far I have been paid compensation on a temporary total disability basis on report from my attending physician, Dr. R. R. Raub, of Bluefield, for 51-2/7ths weeks, to May 31, 1963; and so far I have not been given a return to work slip by Dr. Raub." Subsequent to this letter of claimant, on July 3, 1963, the director entered an order setting aside his "ruling" of June 4 on the ground that it had been erroneously entered and directed that claimant be returned to the compensation rolls on a temporary disability basis. The employer, Pocahontas Fuel Company, objected to this order and was granted a hearing. Dr. Raub notified the director that claimant had been released for work on September 23, 1963, and checks were issued paying claimant temporary benefits to that date, which checks were returned to the director by the employer pending final determination of the matter.

At the hearing, Dr. Raub testified, on cross-examination by the employer, that at the time he wrote the letter of March 26, claimant ". . . wasn't worse, and he wasn't getting any better; . . ." and that he felt that claimant had reached maximum improvement as far as he could do anything for him. On examination by claimant's counsel, Dr. Raub stated that, though he had encouraged claimant to return to work earlier, he did not give him a back to work slip until September 23, 1963. Claimant then testified that he could not have returned to work prior to September 23, 1963, when Dr. Raub first gave him a return to work slip, however, claimant further stated that the work slip of September 23 was a part time work slip and he was not returned to work by the employer until December 10, 1963, after he had obtained a regular work slip from Dr. Raub on December 9, 1963. This latter portion of claimant's testimony was objected to by the employer, which objection was sustained by the trial examiner, and the testimony was placed in the record by avowal.

On October 1, 1964, the director entered an order affirming his ". . . ruling paying the claimant total temporary

disability benefits from June 1, 1963, to September 22, 1963, . . ." and further directing that claimant be paid temporary benefits from September 23, 1963, to December 9, 1963, inclusive. This order was affirmed by the workmen's compensation appeal board from which action, upon application of the employer, this Court granted an appeal on May 10, 1965.

The workmen's compensation director, or, as again denominated by Chapter 162, Acts of the Legislature, Regular Session, 1965, and by which title he will be hereinafter referred to, "commissioner", has no authority, power or "jurisdiction" except that conferred upon him by the provisions of Chapter 23 of the Code. Unless authorized in this case by one of the exceptions which will be hereinafter mentioned, he was without authority under the holding of this Court in *State ex rel. Conley* v. *Pennybacker*, 131 W. Va. 442, 48 S. E. 2d 9, to set aside the ten per cent permanent partial disability award granted to the claimant and return the case to a temporary total disability basis. The first syllabus point in the *Pennybacker* case is as follows: "When a claimant for compensation from the Workmen's Compensation Fund has been paid temporary total disability benefits and has been subsequently awarded compensation on a permanent partial basis, his claim cannot be returned to a temporary total basis." There is no contention in this case that this claim was reopened upon a temporary total basis to compensate the claimant for a period in which he was undergoing either physical or vocational rehabilitation, as provided by Chapter 23, Article 4, Section 9, of the Code, as amended, or that the case falls within the reopening provisions of Code, 23-5-1a or 1d, as amended. The commissioner's order of June 4, 1963, was a final order, alterable only upon certain circumstances. In syllabus point 1, *Cottrell* v. *State Compensation Commissioner*, 145 W. Va. 336, 115 S. E. 2d 153, this Court held: "The State Compensation Commissioner has no power or jurisdiction to vacate, set aside or modify a final order made by him, except in the instances specifically provided by statute." This principle was adhered to in the later case of

*Collins* v. *State Compensation Commissioner*, 145 W. Va. 774, 117 S. E. 2d 213, the only syllabus point of which is a quotation of the first syllabus point in the *Cottrell* case. However, in the *Collins* opinion is this statement: "The only possible exception to this rule would be a determination by the Commissioner upon competent proof that the final order was made or procured through fraud or mistake."

The commissioner, the workmen's compensation appeal board and this Court are bound by the provisions of the act as amended by the legislature. Code, 23-5-1, as amended, clearly and succinctly states that the commissioner shall have certain power and authority to hear and determine questions within his jurisdiction then further provides: ". . . but upon the making or refusing to make any award, or upon the making of any modification or change with respect to former findings or orders, . . . the commissioner shall give notice, in writing, to the employer, employee, claimant, or dependent, as the case may be, of his action, which notice shall state the time allowed for filing an objection to such finding, and such action of the commissioner shall be final unless the employer, employee, claimant or dependent shall, within thirty days, after receipt of such notice, object, in writing, to such finding."

It seems clear from the pertinent provisions of Chapter 23 of the Code (Workmen's Compensation Act) and the decisions of this Court interpreting the provisions thereof as heretofore noted that the commissioner was without authority to set aside the ten per cent permanent partial disability award granted to this claimant, since there was no application in writing for a further adjustment of the claim under the provisions of Code, 23-5-1a or 1c, as amended, the claim was not reopened on a temporary total disability basis under the provisions of Code, 23-4-9, as amended, for physical or vocational rehabilitation of claimant, there is nothing in the record to indicate, nor is it contended, that there was any fraud practiced upon the commissioner with regard to the permanent partial disability award or the setting aside thereof. That leaves only

one possibility by which the commissioner could have set aside the permanent partial disability award and that is because of "mistake". It is true, as heretofore noted, that the commissioner in setting aside that award did so on the ground that the award had been "erroneously entered" and counsel for claimant contends that the words "erroneous" and "mistake" are synonymous. However it is the view of this Court that a "mistake" which would justify the setting aside of such an award must be something more than an erroneous decision of the commissioner. For example, if three doctors had stated that the claimant had a thirty per cent permanent partial disability and a clerk in the office of the department had misread the thirty per cent and made a notation of eighty per cent instead and such an award was made, this Court is of the view that the commissioner would have authority, after a period of protest or appeal had passed, to rectify such a mistake. However, the "mistake" by which the commissioner would justify the setting aside of this award was in the nature of additional medical testimony qualifying the evidence he had before him at the time he made the alleged mistake. If the commissioner had this authority there would never be an end to workmen's compensation litigation. The thirty day protest period and the thirty day appeal period to the board would become meaningless. It is our opinion that those provisions are mandatory with the possible exceptions hereinabove noted.

This Court is of the view that the letter of the claimant of June 25, 1963, which was received by the commissioner within the thirty day period prior to the granting of the ten per cent permanent partial disability award was sufficient to constitute an objection to that award and that the commissioner should have granted the claimant a hearing upon that protest. It is true that the language of the Claimant is somewhat equivocal but he did state "I am not at all satisfied with this, and feel certain there must be something wrong with the report from Dr. Smith and will appreciate it if you will send me to another doctor for an examination." It is also true that this Court in *Whited* v. *Commis-*

*sioner,* 131 W. Va. 646, 49 S. E. 2d 838, held that the following language contained in a letter of an employer did not constitute notice of appeal: "We have the check for $1,600.00 and desire to return it and appeal from the Commissioner's order of October 16th, *if necessary.*" (Italics supplied.) Unfortunately, counsel who wrote that letter is also counsel for the employer in this case, but we feel and hold that there is a difference in the language used and that a distinction can be made in the holding in that case and the decision in this case.

All of the orders of the workmen's compensation commissioner subsequent to his order of June 4, 1963, granting the claimant ten per cent permanent partial disability were erroneously entered and are hereby set aside and held for naught as well as the order of the workmen's compensation appeal board of March 10, 1965, affirming the commissioner's order of October 1, 1964, and the claim is remanded with directions that a hearing be granted to the claimant upon his protest to the June 4, 1963, order.

*Reversed and remanded.*