CHARLES R. PARTLOW

*v.*

WORKMEN'S COMPENSATION COMMISSIONER
*and*
OWENS-ILLINOIS GLASS COMPANY

(No. 12531)

Submitted January 18, 1966.    Decided February 15, 1966.

*Huddleston & Bolen, Edwin W. Conley, A. Michael Perry,* for appellant.

*Norman E. Rood,* for appellee.

HAYMOND, JUDGE:

On this appeal the employer, Owens-Illinois Glass Company, a corporation, seeks reversal of the final order of the Workmen's Compensation Appeal Board entered August 25, 1965 which affirmed the final order of the Workmen's Compensation Director, now Commissioner, entered April 5, 1965, which held compensable the claim of its employee, Charles R. Partlow, and granted him, as claimant, compensation on the basis of a total temporary disability which resulted from an injury sustained by the claimant on November 11, 1962, while employed by the Owens-Illinois Glass Company as a machine operator at its plant in Huntington, West Virginia.

About 5:20 o'clock in the morning of November 11, 1962, the claimant fell on a level floor of the plant. The evidence contains no explanation of the cause of this fall which resulted in a head injury consisting of a laceration of the left side of his scalp and, since the injury, the claimant has suffered from a disability diagnosed as a depressive reaction condition which has prevented him from returning to his work. The record does not disclose how the claimant's fall

occurred. There is no showing that any blow was struck or that he slipped, or tripped or stumbled but immediately after the fall he was found lying on the floor during an epileptic fit or seizure. Prior to his injury he had suffered from a brain lesion and epilepsy and though there is some indication that he had experienced falls from previous epileptic seizures, there is no showing that any such occurrences interfered with the regularity of his employment for a period of approximately ten years before he fell during the early morning hours of November 11, 1962.

By order entered May 14, 1963, the commissioner affirmed his ruling of April 22, 1963, insofar as such ruling held the condition of the claimant's diagnosis as "head injury, laceration of left side of scalp" to be compensable but also held that the condition of the claimant's diagnosis as "depressive reaction" was unrelated to his injury of November 11, 1962, and that such condition was not compensable and denied compensation for all medical and hospital bills and for such depressive reaction.

Within thirty days from the entry of the foregoing order the claimant protested the ruling of the commissioner as set forth in that order "that the condition diagnosed as 'depressive reaction' is unrelated to the aforesaid injury of November 11, 1962, and is hereby determined not to be compensable and it is therefore, ordered and directed that all medical and hospital bills and compensation related solely thereto be rejected; all of which is accordingly so ordered." The employer did not protest or appeal from the ruling of the commissioner holding compensable the head injury sustained by the claimant as a result of the fall.

By subsequent final order entered April 5, 1965, the director sustained the protest of the claimant to the ruling of May 14, 1963 that the condition of the claimant diagnosed as "depressive reaction" was not compensable and held such depressive reaction to be compensable, that all proper medical and hospital bills be honored and paid, and that the claimant be granted compensation upon a total temporary disability basis for lost time, if any, resulting from such condition. By the same order the director affirmed his

ruling of May 14, 1963 insofar as it determined the condition of the claimant diagnosed as "head injury, laceration of left side of scalp" to be compensable. From the final order of April 5, 1965, the employer appealed to the Workmen's Compensation Appeal Board which, as previously indicated, affirmed that order by its final order of August 25, 1965.

The principal ground on which the employer relies for reversal upon this appeal is that the claimant has failed to show by evidence that his fall on November 11, 1962, though occurring in the course of his employment, resulted from his employment and that for that reason the employer can not be held responsible for the disability arising from the depressive reaction condition of the claimant even if such condition was aggravated by the fall.

In support of the statutory requirement that the injury, to be compensable under Section 1, Article 4, Chapter 23, Code, 1931, as amended, must have been received by the claimant in the course of and resulting from his employment, the employer cites numerous cases of this Court which hold that the injury must not only occur in the course of the employment but must result from such employment. Among the cited decisions of this Court in support of that contention are *Deverick* v. *State Compensation Director,* 150 W. Va. 145, 144 S. E. 2d 498; *Damron* v. *State Compensation Commissioner,* 109 W. Va. 343, 155 S. E. 119; *Martin* v. *State Compensation Commission,* 107 W. Va. 583, 149 S. E. 824; and *Archibald* v. *Compensation Commissioner,* 77 W. Va. 448, 87 S. E. 791, L. R. A. 1916D, 1013. Those cases and numerous other decisions of this Court clearly impose that requirement; but in this proceeding and upon this appeal the employer can not successfully rely upon and benefit from those decisions for the reason that by the final order of the commissioner entered May 14, 1963, which was not protested or appealed by the employer, and has become final and unappealable, the commissioner, in holding the head injury of the claimant which resulted from his fall to be compensable necessarily held that the fall which caused such injury and which is alleged to have caused or contributed to the depressive reaction condition of the

claimant resulted from his employment. This Court has held in numerous recent cases that the commissioner is without authority or jurisdiction to vacate, set aside or . modify a final order made by him, except in the instances specifically provided by statute, and that the·only exception to that ruling would be a determination by the commissioner upon proper proof that the final order was made or procured through fraud or mistake. *Stewart* v. *State Compensation Director,* 150 W. Va. 103, 144 S. E. 2d 327; *Burr* v. *State Compensation Commissioner,* 148 W. Va. 17, 132 S. E. 2d 636; *Dismond* v. *State Compensation Commissioner,* 148 W. Va. 26, 132 S. E. 2d 743; *Collins* v. *State Compensation Commissioner,* 145 W. Va. 774, 117 S. E. 2d 313; *Cottrell* v. *State Compensation Commissioner,* 145 W. Va. 336, 115 S. E. 2d 153. In *Stewart* v. *State Compensation Director,* 150 W. Va. 103, 144 S. E. 2d 327, this Court held in point 1 of the syllabus that "The State Compensation Commissioner has no power or jurisdiction to vacate, set aside or modify a final order made by him, except in the instances specifically provided by statute." The syllabus in *Collins* v. *State Compensation Commissioner,* 145 W. Va. 774, 117 S. E. 2d 313, is identical with point 1 of the syllabus in the *Stewart* case; and in the opinion in the *Collins* case this Court said that the only possible exception to the rule stated in the syllabus "would be a determination by the Commissioner upon competent proof that the final order was made or procured through fraud or mistake." From the foregoing decisions of this Court it is clear that the state compensation commissioner has no power or jurisdiction to vacate, set aside or modify a final order made by him, except in instances in which it appears that he lacked jurisdiction to enter such order or that it was made or procured through fraud or mistake.

No fraud or mistake is shown in connection with the order of the commissioner of May 14, 1963, and the only pertinent circumstances relative to that order are the acquiescence and the lack of protest by the employer and its failure to appeal that order within the available appealable period of thirty days from the date of its entry.

In *Dombrosky* v. *State Compensation Director,* 149 W. Va. 343, 141 S. E. 2d 85, this Court, in denying the contention of the employer that the claimant had not proved that his existing disability was directly attributable to a definite, isolated, fortituous occurrence in the course of his employment, said that such contention was devoid of merit "for the reason that his injury of September 9, 1954, upon which his claim is based, was held to be compensable by the order of the commissioner of May 19, 1955, and for which he was awarded a 10% permanent partial disability by an order of the commissioner of August 2, 1956. That order was affirmed by the Workmen's Compensation Appeal Board by its order of December 17, 1956 which, being final and unappealable, can not be considered or disturbed on this appeal." The above quoted language applies to the order of May 14, 1963, from which the employer did not appeal. After the expiration of thirty days from its entry that order became final and immune from change or reversal and, being final and unappealable, it can not be considered or disturbed on this appeal.

The employer argues that since the commissioner by his order of May 14, 1963 rejected the claim of the employee as to his depressive reaction condition, which order, as above stated, was appealed by the claimant and reversed by the final order of the director of April 5, 1965, the question of the fall which is alleged to have produced or aggravated the depressive reaction condition was not, by the order of May 14, 1963, held to have resulted from the employment of the claimant. There is no merit to this contention. There was only one fall and that fall, being a single, unitary fact or occurrence, must necessarily be the result of the employment with respect to the depressive reaction condition of the claimant if, as it was held to be by the commissioner, it was the result of the employment of the claimant with respect to the injury to his head and the laceration of the left side of his scalp, in which holding the employer acquiesced by his failure to protest or appeal that order. In the nature of things the single fall could not be considered as not having resulted from the employment for one purpose if it resulted from the employment for another

purpose and if both the head injury and the depressive reaction condition were caused by or resulted from the same fall which constituted a single indivisible event.

As the question of the occurrence of the fall as the result of the employment of the claimant can not, for the reasons stated, be considered or disturbed on this appeal, the only other question for consideration and determination is whether the depressive reaction condition, of which the claimant complains, resulted from or was aggravated by his fall which occurred on the morning of November 11, 1962. Though the employer does not actually concede that the depressive reaction condition of the claimant resulted from or was aggravated by the fall it does not advance that contention as a principal ground of defense against the compensability of the claim of the employee for disability benefits for his depressive reaction condition. For that reason it is unnecessary to state in detail the testimony and the opinions of the doctors and other witnesses disclosed by the record. It is necessary only to say that, though there is some conflict as to whether the fall caused or aggravated that condition of the claimant, there is adequate evidence to support the finding of the director, now commissioner, that the depressive reaction condition of the claimant resulted from the fall and from the employment of the claimant. This finding was approved by the Workmen's Compensation Appeal Board and it does not appear that such finding is plainly wrong or without evidence to support it. In consequence, the finding of the Workmen's Compensation Appeal Board will not be disturbed upon this appeal. This Court has consistently held in many cases that in order to reverse a finding of fact by the Workmen's Compensation Appeal Board it must appear from the proof upon which the board acted that the finding in question was plainly wrong. *Dombrosky* v. *State Compensation Director*, 149 W. Va. 343, 141 S. E. 2d 85, and the numerous cases cited in the opinion in that case. In that case this Court held in point 1 of the syllabus that "In order to reverse a finding of fact by the Workmen's Compensation Appeal Board it must appear from the proof upon which the board acted that the finding in question was plainly wrong."

The final order of the Workmen's Compensation Appeal Board of August 25, 1965, affirming the final order of the Director of April 5, 1965, is affirmed and this proceeding is remanded to the commissioner, for such further proceedings as may be proper in the premises.

*Affirmed.*