State *ex rel.* Mrs. Laura A. Garnes

*v.*

Cletus B. Hanley, Workmen's Comp. Commr., and Foster Mays, Jr.

(No. 12550)

Submitted March 1, 1966.          Decided March 15, 1966.

*James C. Jeter*, for relator.

*Dores D. McDonnell, Sr.*, for respondents.

Browning, Judge:

Petitioner, Laura A. Garnes, filed her original petition in this Court seeking a writ of mandamus commanding the

respondent, Cletus B. Hanley, Workmen's Compensation Commissioner, to continue the payment of workmen's compensation benefits to her, as widow, and to her infant child, as a dependent of Richard Garnes, pursuant to the commissioner's order of July 22, 1959.

The petition alleges that: she is the widow of Richard Garnes who "died while performing his employment" on June 25, 1959; she filed a claim for widow's benefits on July 15, 1959; the commissioner, by order of July 22, 1959, awarded her benefits at the rate of $65.00 per month for life and benefits to her infant daughter, Eva G. Garnes, at the rate of $17.50 until she should reach the age of eighteen years; at the time of the July 22, 1959, order the commissioner had sufficient evidence before him on which to base a ruling; no fraud or mistake occasioned such order and there has been no objection thereto; pursuant to such order two checks were delivered to petitioner, paying her up to July 31, 1959, which were accepted and used by her; and on August 6, 1959, the commissioner held that the order of July 22, 1959, was prematurely entered, set the same aside and has refused to make further payments on this award. Attached to the petition as exhibits are copies of: the order of July 22, 1959; a receipt executed by petitioner for the first check; and the two cancelled checks.

This Court issued a rule to show cause why the writ should not be issued as prayed for, returnable March 1, 1966, at which time respondent appeared and answered, admitting the material averments of the petition but denying the allegation that the commissioner had sufficient evidence before him on which to act on July 22, 1959; that no mistake was made; and that petitioner is entitled to any payments. It was stipulated that the commissioner's file be made a part of the record in this proceeding.

An examination of the commissioner's file discloses that the first report of Richard Garnes' death was received from his employer on June 27, 1959, on a form supplied by the commissioner, which stated, among other items, that Richard Garnes was "helping to pull casing out of well" when death occurred and that the employer had no protest. The

commissioner forwarded the necessary forms for petitioner to make application for benefits and advised her of the required proof. Petitioner filed the necessary form on July 15, 1959, and submitted her marriage certificate, the birth certificate of her daughter, and the death certificate which stated: "Immediate cause [of death]: Coronary Occlusion (presumably); due to: (possibly heat stroke)." Thereafter the order of July 22, 1959, was entered awarding benefits to petitioner and her infant child, which order also advised both petitioner and employer that either had thirty days within which to file objection thereto. On August 6, 1959, the commissioner entered an order setting aside his order of July 22, 1959, on the ground that "the same was inadvertently and prematurely entered. . . ." and ordered an investigation of the claim. No right to object, or advice as to the time limit within which to object, was included in this order. A letter of transmittal accompanying the order stated that: ". . . the July 22, 1959, finding was entered inadvertently before we could make an investigation. In all fatality cases, it is the custom and long standing practice of our Commission to have an investigator call upon the witnesses in order to determine all the facts regarding the death of the decedent. . . ."

Thereafter it appears that the claim was investigated and the commissioner's investigator determined that the decedent was doing strenuous work in an extremely hot sun, became ill and vomited and some twenty minutes thereafter died; the file was reviewed by the medical advisory board which concluded that death resulted from a heart attack; and the commissioner, on September 2, 1959, rejected petitioner's claim, which action was affirmed on appeal by the workmen's compensation appeal board and by this Court.

By the provisions of Article VIII, Section 3 of the Constitution of West Virginia, this Court has original jurisdiction "in cases of habeas corpus, mandamus, and prohibition." Mandamus will lie under that section implemented by Code, 51-1-3, as amended, to require an inferior court or other "inferior tribunal" exercising "quasi-judicial"

powers to perform legally any administrative act required of him by a petitioner in mandamus who shows a clear legal right to the relief which he seeks and a mandatory duty upon the respondent to perform that act. Since the early days of the workmen's compensation department this Court has held that it is such an inferior tribunal against which a writ of mandamus will lie and perhaps of all the so-called inferior tribunals the commissioner of that department comes closest to exercising judicial powers. However, contrary to the early years of that department, a decision of the commissioner may be attacked directly. Code, 23-5-1, et seq., as amended. The workmen's compensation commissioner has no power, authority or "jurisdiction" except that conferred upon him by the provisions of Chapter 23 of the Code. These provisions of Code, 23-5-1, as amended, are here pertinent: "The commissioner shall have full power and authority to hear and determine all questions within his jurisdiction, but upon the making or refusing to make any award, or upon the making of any modification or change with respect to former findings or orders. . . the commissioner shall give notice in writing to the employer, employee, claimant, or dependent as the case may be, of his action, which notice shall state the time allowed for filing an objection to such finding, and such action of the commissioner shall be final unless the employer, employee, claimant or dependent shall, within thirty days after receipt of such notice, object, in writing, to such finding. . . ." Inasmuch as this is a collateral attack upon the order of the commissioner of August 6, 1959, we may look only to the record of the compensation department to determine the validity or invalidity of that order. By stipulation of counsel the entire record of the commissioner was made a part of the record in this proceeding. That record shows that neither the employer nor the dependent widow filed objection to the order of July 22, 1959, within the statutory period. However, within the thirty day period, to-wit, on August 6, 1959, the commissioner set aside his order of July 22, as heretofore stated, on the ground that it "was inadvertently and prematurely entered", and, subsequently, on September 2, 1959, entered an order rejecting

the claim, notifying the parties of the time period within which either might object. Petitioner objected to this order, a hearing was held after which the commissioner affirmed the order and petitioner was unsuccessful in prosecuting appeals to the workmen's compensation appeal board and later to this Court. The precise question then for decision in this proceeding is whether the order of August 6, 1959, was absolutely void. Unless it was absolutely void the petitioner can have no standing in this Court in an extraordinary proceeding inasmuch as the merits of the case were passed upon by the commissioner, the board, and this Court. In other words, all of those tribunals found in fact or inferentially that the death of the petitioner's decedent was not due to an injury received in the course of and resulting from his employment. It is to be noted and emphasized that in the original appellate proceeding the question of the validity or invalidity of the order of August 6 was not raised or determined by either the commissioner, the board, or this Court. As heretofore noted there was no protest to the order of July 22, 1959, within the thirty day period and if the commissioner did not have the authority of his own volition to set it aside it became final long ago.

In Syl. Pt. 1, *Cottrell* v. *State Comp. Comm.*, 145 W. Va. 336, 115 S. E. 2d 153, this Court held that "The State Compensation Commissioner has no power or jurisdiction to vacate, set aside or modify a final order made by him, except in the instances specifically provided by statute." Again, the pertinent language of Code, 23-5-1, as amended, provides that upon the making or refusing to make any award the commissioner shall enter an order giving the parties notice thereof and that "*such action of the commissioner shall be final unless the employer, employee, claimant or dependent shall*," within thirty days object thereto in writing. (Italics supplied.) It is to be observed from the italicized language that the order of the commissioner does not become final at the end of thirty days after it is entered but that it becomes final immediately after entry subject only to objection by an interested party. We find no difficulty then in resolving the question as to

whether within thirty days of his order of July 22, 1959, the commissioner had authority under the statute to set aside that order. He could no more have done it within thirty days than he could have within one hundred days except in the specific instances provided by statute.

The only possible exception to the rule laid down in the *Cottrell* case, heretofore quoted, was stated in *Collins* v. *State Comp. Comm.,* 145 W. Va. 774, 117 S. E. 2d 313. In the opinion of that case is this statement: "The only possible exception to this rule would be a determination by the Commissioner *upon competent proof* that the final order was made or procured through fraud or mistake." (Italics supplied.) To the same effect see: *Stewart* v. *Comp. Dir.,* 150 W. Va. 103, 144 S. E. 2d 327; *Dismond* v. *Comp. Comm.,* 148 W. Va. 26, 132 S. E. 2d 743; *Burr* v. *Comp. Comm.,* 148 W. Va. 17, 132 S. E. 2d 636.

There is in this case no contention of fraud, but the respondent commissioner relies heavily upon the language of the *Collins* opinion as to "mistake". It is true that the reason given by the commissioner at the time he entered his August 6, 1959, order, as evidenced by a copy of the letter in the file which was addressed to the petitioner, was that the order was inadvertently entered in that the commissioner had not had an opportunity to make an investigation, it being according to that letter his "custom and long standing practice" to have an investigator "call upon the witnesses in order to determine all the facts regarding the death of the decedent. . . ." In *Stewart* v. *Comp. Dir.,* 150 W. Va. 103, 144 S. E. 2d 327, this Court had before it the question of whether an order by the commissioner setting aside a previous order upon the ground that the latter had been "erroneously entered" was synonymous with "mistake". The answer to that contention is contained in one sentence of that opinion: "However it is the view of this Court that a 'mistake' which would justify the setting aside of such an award must be something more than an erroneous decision of the commissioner." At the time the commissioner entered the order of July 22, 1959, he had before him the report of the employer of decedent's death, the application of the decedent's widow and her minor child,

and the medical report contained upon the proper form of the commissioner for that purpose giving the cause of death. It is the opinion of this Court that the entry of an order by inadvertence cannot be distinguished from an order erroneously entered and that neither constitutes a "mistake" within the meaning of the use of that word in the *Stewart* case or in the decisions of courts of other jurisdictions cited in the *Cottrell* case.

It is the opinion of this Court that for the reasons stated the commissioner was without authority to enter the August 6, 1959, order setting aside his previous order of July 22, 1959, and that inasmuch as neither party protested to the order of July 22 the commissioner was without authority, power or "jurisdiction" to set aside that order. Inasmuch as we find that the order was void, it may be attacked collaterally in any court having jurisdiction at any time and in any kind of proceeding. *State ex rel. Vance* v. *Arthur*, 142 W. Va. 737, 98 S. E. 2d 418, and cases cited therein. Therefore, the order of August 6, 1959, being void and there having been no objection by any party to the order of July 22, the latter is still in full force and effect.

A writ of mandamus will therefore be awarded as prayed for.

*Writt awarded.*