ELZIE MUNDAY

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER
*and*
OMAR MINING COMPANY
*and*
WHEELING-PITTSBURGH STEEL CORPORATION

(No. 12988)

Submitted September 8, 1970.    Decided November 10, 1970.

*Schmidt, Laas, Schrader & Miller, Arthur M. Recht,* for Wheeling-Pittsburgh Steel Corporation.

HAYMOND, JUDGE:

This is an appeal by Wheeling-Pittsburgh Steel Corporation, a corporation, employer of the claimant Elzie Mundy, from a final order of the Workmen's Compensation Appeal Board entered May 25, 1970, which affirmed a final order of the State Workmen's Compensation Commissioner entered December 10, 1969.

The claim, filed April 29, 1969, is for silicosis benefits for the claimant Elzie Munday and the question for decision is whether the commissioner has jurisdiction to set aside and modify the allocation of compensation payments based upon a clearly incorrect nonmedical finding of the period of employment of the claimant by his former employer in an order of the commissioner entered July 30, 1969, to which no protests or objections were filed.

The award of 30 per cent permanent partial disability in favor of the claimant was granted by final order entered by the commissioner December 10, 1969, and by that order payments of the award were allocated between the former employer and the present employer of the claimant on the basis of the incorrect nonmedical finding of the periods of employment of the claimant in the former order of the commissioner of July 30, 1969.

The appeal by the present employer was filed January 28, 1970, and within thirty days from the receipt by the employer of the notice of the commissioner of the entry of his final order of December 10, 1969.

By the nonmedical order of the commissioner entered July 30, 1969, the commissioner found that the claimant was employed as a coal miner by Omar Mining Company from September 3, 1968 to December 31, 1968, and by the same company at different dates since 1928, and by Wheeling-Pittsburgh Steel Corporation from January 1, 1969 to the date of the order. The order also contained the statement that the commissioner was of the opinion that the claimant was exposed to the hazard of silicon dioxide dust for a continuous period of not less than 60 days while in the employ of those employers within three years prior to the filing of his claim and that he had been exposed to such hazard in this State for a continuous period of not less than two years during the ten years immediately preceding the date of his last exposure and referred the claim to the Silicosis Medical Board for review and disposition. Wheeling-Pittsburgh Steel Corporation did not protest or file any objection to the order of July 30, 1969, or the nonmedical finding of the commissioner that the period of employment of the claimant by Omar Mining Company was from September 3, 1968 to December 31, 1968.

Pursuant to the order of July 30, 1969, the Occupational Pneumoconiosis Board, which had succeeded the Silicosis Medical Board, in its report of November 18, 1968, found that the claimant was suffering from an advanced stage of silicosis with 30 per cent impairment of his capacity to work due to that disease; and by the final order of December 10, 1969, the commissioner affirmed the findings of the board and granted the claimant a 30 per cent disability award for silicosis in the advanced stage and allocated the payments of the award on the basis of 50.21 per cent by Omar Mining Company and 49.79 per cent by Wheeling-Pittsburgh Steel Corporation.

Upon this appeal the employer Wheeling-Pittsburgh Steel Corporation seeks reversal of the order of July 30, 1969, by which the commissioner incorrectly found the period of the employment of the claimant by Omar Mining Company to be September 3, 1968 to December 31, 1968, and also seeks reversal of the final order of December 10, 1969, by which

the commissioner, upon the incorrect finding of the period of employment of the claimant by Omar Mining Company, allocated the award between the employers on the basis of 50.21 per cent by Omar Mining Company and 49.79 per cent by Wheeling-Pittsburgh Steel Corporation.

The amount of the award in favor of the claimant is not challenged by either employer, and the former employer, Omar Mining Company, has not appeared to this appeal or filed any brief in this Court.

The employer Wheeling-Pittsburgh Steel Corporation insists that the allocation is plainly wrong because it is based upon a mistake in the period of employment of the claimant by Omar Mining Company in the order of the commissioner of July 30, 1969. The work record of the claimant as set forth in Form C. D. 6-Z shows, in addition to earlier employment, that he was employed from May 3, 1955 to March 28, 1958, by Omar Mining Company; that from March 28, 1958 to September 8, 1958, he did not work due to a reduction in force; that he was last employed by Omar Mining Company from September 8, 1958 to December 31, 1968; and that since January 1, 1969, he has been employed by Wheeling-Pittsburgh Steel Corporation. The period of employment with his former employer Omar Mining Company, as stated in the order of July 30, 1969, from September 3, 1968 to December 31, 1968, omits entirely the portion of his employment by Omar Mining Company prior to September 3, 1968.

As there is no dispute as to the period in time of the last employment of the claimant by his former employer Omar Mining Company and as the record clearly shows that he was last employed by Omar Mining Company from September 8, 1958 to December 31, 1968, it is obvious that the nonmedical finding of the commissioner that the employment of the claimant by Omar Mining Company from September 3, 1968 to December 31, 1968, is a mathematical mistake of more than 10 years as distinguished from an erroneous decision of the commissioner.

Section 1, Article 5, Chapter 23, Code, 1931, as amended, to the extent here pertinent, provides that the "commissioner shall have full power and authority to hear and determine all questions within his jurisdiction, but upon the making or refusing to make any award, or upon the making of any modification or change with respect to former findings or orders, as provided by section sixteen, article four of this chapter, the commissioner shall give notice, in writing, to the employer, employee, claimant, or dependent, as the case may be, of his action, which notice shall state the time allowed for filing an objection to such finding, and such action of the commissioner shall be final unless the employer, employee, claimant or dependent shall, within thirty days after the receipt of such notice, object, in writing, to such finding. * * *"

Section 15b, Article 4, Chapter 23, Code, 1931, as amended, relating to a claim for silicosis benefits filed by an employee, provides that the commissioner "shall also determine such other nonmedical facts as may in his opinion be pertinent to a decision on the validity of the claim," and that the commissioner "shall give each interested party notice in writing of his findings with respect to all such nonmedical facts and such findings shall be subject to objection and hearing as provided in section one, article five of this chapter."

As already indicated the employer Wheeling-Pittsburgh Steel Corporation did not file within the statutory thirty day period any protests or objections to the nonmedical finding of the commissioner in his order of July 30, 1969, of the period of employment of the claimant by Omar Mining Company and it is apparent that the Workmen's Compensation Appeal Board affirmed the final order of the commissioner of December 10, 1969, for the reason that Wheeling-Pittsburgh Steel Corporation did not protest or object to the nonmedical findings of the commissioner in his order of July 30, 1969.

This Court has held in the syllabus in several recent cases that the state compensation commissioner has no power or jurisdiction to vacate, set aside or modify a final order made by him, except in the instances specifically provided by statute. *Stewart v. State Compensation Director*, 150 W.Va. 103,

144 S.E.2d 327; *Dismond v. State Compensation Commissioner*, 148 W.Va. 26, 132 S.E.2d 743; *Burr v. State Compensation Commissioner*, 148 W.Va. 17, 132 S.E.2d 636; *Collins v. State Compensation Commissioner*, 145 W.Va. 774, 117 S.E.2d 313; *Cottrell v. State Compensation Commissioner*, 145 W.Va. 336, 115 S.E.2d 153. In the opinion in the *Collins* case, however, this Court said that the only possible exception to the rule stated in the syllabus in that case "would be a determination by the Commissioner upon competent proof that the final order was made or procured through fraud or mistake." The same statement is also quoted in the opinion in the *Burr* case and in the opinion in the *Stewart* case. In the *Stewart* case this Court discussed the difference between the word "erroneous" and the word "mistake" and concluded that they are not synonymous. In considering the nature of a mistake which would permit the commissioner to set aside an award to which no protest or objection had been filed the Court said: "However it is the view of this Court that a 'mistake' which would justify the setting aside of such an award must be something more than an erroneous decision of the commissioner. For example, if three doctors had stated that the claimant had a thirty per cent permanent partial disability and a clerk in the office of the department had misread the thirty per cent and made a notation of eighty per cent instead and such an award was made, this Court is of the view that the commissioner would have authority, after a period of protest or appeal had passed, to rectify such a mistake."

This Court has also held in the more recent cases of *Partlow v. Workmen's Compensation Commissioner*, 150 W.Va. 416, 146 S.E.2d 833, and *Dickerson v. State Workmen's Compensation Commissioner*, 154 W.Va. 7, 173 S.E.2d 388, in point 1 of the syllabus in each case, that "The state compensation commissioner has no power or jurisdiction to vacate, set aside or modify a final order made by him, except in instances in which it appears that he lacked jurisdiction to enter such order or that it was made or procured through fraud or mistake."

Though no decision of this Court expressly states that the state compensation commissioner has jurisdiction to set aside

or modify an order of the commissioner to which no protest or objection is filed within the statutory period, the statements in the opinions and in the syllabus of some of the above cited cases indicate clearly that this Court recognizes an exception to the rule stated in point 1 of the syllabus in the *Cottrell* case and followed in the subsequent cases, and that by virtue of such exception the commissioner has jurisdiction to set aside, vacate or modify a mistake of the character mentioned in the opinion in the *Stewart* case as distinguished from an erroneous decision.

This Court is of the opinion that the obviously incorrect finding of the period of time of the last employment of the claimant by Omar Mining Company from September 3, 1968 to December 31, 1968, instead of the clearly established and undisputed correct period of such employment from September 8, 1958 to December 31, 1968, is a mistake within the exception to the rule which would justify the commissioner in setting aside and modifying an order entered by him to which no protest or objection is filed within the statutory period. This Court, therefore, holds that the nonmedical finding in an order of the state compensation commissioner that the employment of the claimant for the period September 3, 1968 to December 31, 1968, instead of his employment for the correct period September 8, 1958 to December 31, 1968, by his former employer, is a mistake within the exception to the rule enunciated and applied in previous decisions of this Court and that the commissioner has jurisdiction to correct such mistake, even though no objection to such finding was filed within the time permitted by statute.

It should be clearly understood, however, that this decision applies only to a clear mathematical mistake in a nonmedical finding in an order of the commissioner in the determination of the degree of exposure and the period of time of employment of a claimant for compensation benefits and does not apply to an erroneous decision of the commissioner of any question of law or fact.

For the foregoing reasons the order of the Workmen's Compensation Appeal Board entered May 25, 1970, is reversed

and set aside and this proceeding is remanded to the commissioner with directions that he exercise the authority conferred by Section 1, Article 4, Chapter 23, Code, 1931, as amended, to allocate and divide any charges on account of the claim among the employers by whom the claimant was employed for as much as sixty days during the period of two years immediately preceding the filing of his application, and correct the order entered by him July 30, 1969, to show the last period of employment of the claimant by Omar Mining Company to be the period September 8, 1958 to December 31, 1968, instead of September 3, 1968 to December 31, 1968, to correspond with the undisputed evidence, and to correct the allocation of 50.21 per cent for Omar Mining Company and 49.79 per cent for Wheeling-Pittsburgh Steel Corporation of the payments of the 30 per cent permanent partial disability award of the claimant to conform to the proper percentages of the degree of exposure and of the time during which the claimant was employed respectively by his former employer and his present employer as established by the undisputed evidence.

*Reversed and remanded*
*with directions.*