BETH–ELKHORN CORPORATION and Special Fund, Appellants,

v.

William O. NASH et al., Appellees.

Court of Appeals of Kentucky.

April 2, 1971.

Rehearing Denied Oct. 1, 1971.

Harry C. Campbell, Pikeville, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellants.

Dan Jack Combs, Combs & Anderson, Pikeville, for appellees.

CLAY, Commissioner.

William O. Nash spent 50 years working in the underground coal mines. He retired December 30, 1966, when he was 69 years of age and began to draw pensions from United Mine Workers Welfare and Retirement Fund and from his former employer

Beth-Elkhorn Corporation. He also drew social security benefits.

About December 11, 1968, he filed an application for adjustment of his claim under the workmen's compensation law against Beth-Elkhorn Corporation and the Special Fund to recover benefits by reason of a "pulmonary occupational disease". It was stipulated " * * * that the defendant company received due and timely notice from the plaintiff of his occupational disease; and that at the present time, the plaintiff is suffering from the occupational disease of pneumoconiosis which is totally and permanently disabling".

On August 11, 1969, the Board dismissed the claim on the ground that the employee's "current condition" was not the cause of a loss of earnings. This, of course, was a decision on the merits of the claim. As authorized by KRS 342.281, a petition for reconsideration of the award was filed on August 25, 1969. The Board reconsidered the entire case, withdrew its original order, and awarded the employee total and permanent disability benefits. This award was confirmed on appeal to the circuit court.

It is contended by appellants that the last award by the Board was invalid by reason on the restrictive provisions of KRS 342.-281. While this statute authorizes a petition for reconsideration (to be filed within 14 days from the date of an award, order or decision), it provides in part:

"The board shall be limited in such review to the correction of errors patently appearing upon the face of the award, order, or decision and shall overrule the petition for reconsideration or make such correction within ten days after submission."

This statutory limitation is clear and positive. It expresses a legislative policy that the Board shall not have authority to reverse itself on the merits of a claim. Whether this policy is a good one or a bad one, it is not our province to determine.

Its apparent justification is that if parties adversely affected by an award could ask for reconsideration of the whole case, a final determination could be unduly delayed. For example, if such proceedings were proper, after the last award the employer could have petitioned for reconsideration and another rehearing of the whole case would have been required. As said in Stewart v. State Compensation Director, W.Va., 144 S.E.2d 327, 330 (1965):

"If the commissioner had this authority there would never be an end to workmen's compensation litigation."

Obviously the legislative purpose was to avoid this sort of thing. We simply cannot sanction a clear violation of the statute which expressly limits the authority of the Board upon reconsideration.

It is true that in Com. Dept. of Mental Health v. Robertson, Ky., 447 S.W.2d 857 (1969), we indicated that KRS 342.281 should not be given a "narrow construction". However, the scope of the limitation on the Board's right of review was not presented in that case. The issue was whether the filing of a timely petition for reconsideration suspended the finality of the award, which of course it does. The fact that such petition requests relief which the Board cannot grant does not nullify the procedural effect of its filing. While that opinion indirectly approved a correction of an award where a mistake had been made in the allowance of medical expenses, it will not support the contention that upon the filing of such petition the Board may reconsider the merits of a claim.

In Munday v. State Workmen's Compensation Com'r, W.Va., 177 S.E.2d 221 (1970), the Supreme Court of Appeals of West Virginia confirmed a long line of cases which held that the State Compensation Commission had no power to vacate, set aside or modify a final order except under the conditions specifically provided by statute. (The court did recognize other

exceptions involving lack of jurisdiction, fraud or mistake.)

Like the parties, we are bound to accept the limitations placed upon the power of the Board by KRS 342.281. The award appealed from was unauthorized.

The judgment is reversed, with directions to remand the case to the Workmen's Compensation Board for entry of an order based on its original findings of August 11, 1969.

All concur, except STEINFELD, J.