RENDERED: FEBRUARY 25, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1032-WC

CASSANDRA JACKSON                                      APPELLANT

|  | PETITION FOR REVIEW OF A DECISION |
|---|---|
| v. | OF THE WORKERS' COMPENSATION BOARD |
|  | ACTION NO. WC-19-67594 |

FORD MOTOR COMPANY;
HONORABLE TONYA CLEMONS,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                           APPELLEES

AND                          NO. 2021-CA-1121-WX

FORD MOTOR COMPANY                         CROSS-APPELLANT

|  | CROSS-PETITION FOR REVIEW OF A DECISION |
|---|---|
| v. | OF THE WORKERS' COMPENSATION BOARD |
|  | ACTION NO. WC-19-67594 |

CASSANDRA JACKSON;
HONORABLE TONYA MICHELLE
CLEMONS, ADMINISTRATIVE LAW
JUDGE; AND WORKERS'
COMPENSATION BOARD                                   CROSS-APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND K. THOMPSON, JUDGES.

COMBS, JUDGE:  Appellant, Cassandra Jackson, appeals from an opinion of the

Workers' Compensation Board which reversed in part, having concluded that the

Administrative Law Judge impermissibly re-decided the merits of the claim on

reconsideration.  Appellee, Ford Motor Company, cross-appeals regarding the

Board's affirmance of the application of the three multiplier.  We address the

appeal and cross-appeal together.  After our review, we affirm as to both.

On May 19, 2019, Appellant, Cassandra Jackson (Jackson), injured

her head, neck, shoulders, tailbone, lower back, and right leg when she tripped and

fell backward in the course and scope of her employment by Appellee, Ford Motor

Company (Ford).  The medical evidence was in conflict.  Jackson relied upon the

opinion of Dr. Barefoot.  Ford relied upon Dr. Sexton's opinion.

On March 17, 2021, the Administrative Law Judge (ALJ) entered an

opinion, award, and order providing as follows:

Having reviewed all the evidence on this issue, the ALJ finds that both physicians are correct with respect to the medical cause of the right shoulder injury. Both Dr. Sexton and Dr. Barefoot attribute the aggravation of any symptoms to the May 2019 work incident. Thus, the ALJ finds that Plaintiff suffered a work-related injury to her right shoulder due to the May 19, 2019 work incident.

In regard to Ms. Jackson's alleged head injury, the ALJ finds Dr. Sexton to be the most [*sic*] credible and persuasive. Thus, the ALJ finds that Plaintiff suffered a work-related injury to her head in the form of a superficial scalp laceration that was repaired.

Finally, the ALJ finds that Plaintiff has not sustained any work-related injury to her cervical spine/neck, coccyx/tailbone, low back or right leg as a result of the May 19, 2019 work incident based upon the medical testimony of Dr. Sexton. Therefore, Plaintiff's claim for injuries to her cervical spine/neck, coccyx/tailbone, low back and right leg are dismissed.

The ALJ found Dr. Sexton's 2% whole body permanent partial impairment (PPI) rating for the right shoulder more credible than Dr. Barefoot's 14% rating because Dr. Sexton's assessment was "compatible with the symptoms attributable to Plaintiff's right shoulder." The ALJ awarded permanent partial disability (PPD) benefits based upon Dr. Sexton's 2% impairment rating. The ALJ also concluded that Jackson was entitled to enhancement of the PPD award by the three multiplier under KRS[1] 342.730(1)(c)1.

---

[1] Kentucky Revised Statutes.

The ALJ was persuaded by Dr. Barefoot's opinion that Jackson could return to her pre-injury work but with restrictions against heavy lifting and carrying. The ALJ was also persuaded by Jackson's testimony regarding the impact of her right shoulder injury on "her ability to lift in her current position and that she would have difficulty working in another positions with Defendant . . . due to the heavy lifting requirements." In addition, the ALJ awarded a period of temporary total disability (TTD) benefits and medical expenses for Jackson's injuries to her "right shoulder and head in the form of a scalp laceration . . . ."

Both parties petitioned for reconsideration. Jackson argued that "[a]gainst the substantial weight of the evidence of record," the ALJ erred in selecting Dr. Sexton's 2% PPI rating as compared to Dr. Barefoot's 14% rating. Jackson contended that Dr. Sexton's rating was defective because his report did not contain measurements and calculations as required by the American Medical Association *Guides*, 5th Edition. Jackson requested "additional findings and analysis for meaningful appeal purposes." Jackson also argued that the ALJ erred in concluding that she had not sustained a compensable neck injury and that at a minimum she qualified for temporary benefits for her neck.

In its petition for reconsideration, Ford argued *inter alia* that Jackson was not entitled to the three multiplier.

By order entered on both parties' petitions for reconsideration on April 13, 2021, the ALJ explained that the record reflects that Jackson had undergone right shoulder surgery on November 21, 2019, and that it did not appear that Dr. Sexton had taken the surgery into account consistent with the AMA *Guides*. The ALJ held as follows:

> In rendering the Opinion, the ALJ failed to recognize that proper interpretation and assessment of impairment under the AMA Guides was provided by Dr. Barefoot. As such, upon reconsideration, Plaintiff's Petition is **SUSTAINED**. The ALJ finds the opinions of Dr. Barefoot provide the proper interpretation and assessment of impairment under the AMA Guides and, thus, is the most credible with respect to impairment.
>
> Consequently, [*sic*] the Opinion is corrected to reflect Plaintiff retains a 14% whole person impairment rating with respect to her compensable work-related right shoulder injury based upon the findings of Dr. Barefoot.

(Emphasis original.) The ALJ altered the PPD award accordingly.

In addition, the ALJ explained that she reviewed all the evidence on reconsideration. She relied on *Robertson v. UPS*, 64 S.W.3d 284 (Ky. 2001), which dealt with a work injury involving temporary symptoms that required medical treatment. Pursuant to *Robertson*, the ALJ determined that Jackson did sustain a compensable injury to her cervical spine. The ALJ corrected the opinion, order, and award to reflect that Jackson was entitled to TTD benefits during the period awarded as well as temporary medical benefits for her cervical spine.

The ALJ denied Ford's petition with respect to Jackson's entitlement to the three multiplier.

Ford appealed to the Board and argued that the ALJ improperly re-weighed and reconsidered the evidence on reconsideration. It also claimed that the ALJ erred in determining that Jackson was entitled to the three multiplier.

By opinion rendered on August 6, 2021, the Board affirmed in part, reversed in part, and remanded. The Board noted that KRS 342.281 provides that upon reconsideration, the ALJ "shall be limited in the review to the correction of errors patently appearing upon the face of the award, order, or decision . . . ."

The Board concluded that the ALJ exceeded her authority under KRS 342.281 when ruling on Jackson's petition by reconsidering the merits of the claim rather than merely correcting patent errors. The Board cited *Beth-Elkhorn v. Nash*, 470 S.W.2d 329, 330 (Ky. 1971), which holds that the "[s]tatutory limitation [of KRS 342.281] is clear and positive. It expresses a legislative policy that the [factfinder] shall not have authority to reverse itself on the merits of a claim."

The Board explained as follows:

Clearly, in the [original] decision rendered March 17, 2021, the ALJ outlined Dr. Sexton's and Dr. Barefoot's reports and findings. A review of the entirety of Dr. Sexton's and Dr. Barefoot's reports shows that the ALJ correctly considered their conclusions when rendering her decision. Therefore, we determine the ALJ's reversal of her initial determination was unwarranted.

-6-

The Board vacated the ALJ's April 13, 2021, order on petitions for reconsideration and remanded for reinstatement of the March 17, 2021, opinion, award, and order. The Board further directed the ALJ to issue a ruling on Jackson's petition for reconsideration in accordance with the authority outlined in KRS 342.281.

With respect to the ALJ's application of the three multiplier, the Board noted that Jackson was successful in her burden of proof on that issue; consequently, the standard of review is whether the ALJ's decision was supported by substantial evidence. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735, 736 (Ky. App. 1984). The Board explained that the evidence was in conflict. Dr. Sexton and Dr. Krupp, a treating physician, opined that Jackson could return to work without restrictions. Dr. Barefoot opined that she could not. The Board concluded that Dr. Barefoot's opinion and Jackson's testimony regarding the physical requirements of her job constituted substantial evidence to support the three multiplier and affirmed on that issue.

In her appeal, Jackson argues that the ALJ did nothing more than identify and correct patent errors in her original decision consistent with KRS 342.281. In response, Ford contends that that the ALJ exceeded her statutory authority by re-examining the evidence and "reversing herself on reconsideration."

Our standard of appellate review is clear:

> When this Court reviews a workers' compensation decision, our function is to correct the Board only where we believe "the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice."

*Voith Industrial Services, Inc. v. Gray*, 516 S.W.3d 817, 820 (Ky. App. 2017) (citing *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992)).

We are satisfied from our review that no such error exists in the case before us. On the contrary, we agree with the Board's thorough analysis and its conclusion that the ALJ exceeded her authority on reconsideration under KRS 342.281.

With respect to the three multiplier which Ford challenges on cross-appeal, we perceive no error that would allow us to disturb the Board's affirmance on the issue. We agree with the Board that substantial evidence supports the ALJ's determination in that regard.

Accordingly, we affirm both as to the appeal and the cross-appeal.

ALL CONCUR.

| BRIEFS FOR APPELLANT/CROSS-APPELLEE: | BRIEFS FOR APPELLEE/CROSS-APPELLANT FORD MOTOR COMPANY: |
|---|---|
| Ched Jennings<br>Louisville, Kentucky | Priscilla C. Page<br>Joshua W. Davis<br>Louisville, Kentucky |